UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend      CASE NO. 2:24-cv-12195
LATOREYA TILL      HON. David M. Lawson

     Plaintiffs,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

     Defendant.

| JAMES J. HARRINGTON (P65351) | VALERIE HENNING MOCK (P55572) |
|---|---|
| GARY N. FELTY, JR. (P55554) | MATTHEW J. HIGH (P82783) |
| FIEGER, FIEGER, KENNEY & | WILSON, ELSER, MOSKOWITZ, |
| HARRINGTON, P.C. | EDELMAN & DICKER, LLP |
| Attorneys for Plaintiff | Attorneys for Defendant Universal |
| 19390 West Ten Mile Road | Protection Service, LLC d/b/a Allied |
| Southfield, MI 48075 | Universal Security Services |
| (248) 355-5555 \| (248) 355-3148 [FAX] | 17197 N Laurel Park Drive, Suite 201 |
| j.harrington@fiegerlaw.com | Livonia, MI 48152 |
| g.felty@fiegerlaw.com | (313) 327-3100 \| (313) 327-3101 [FAX] |
| | valerie.mock@wilsonelser.com |
| | matthew.high@wilsonelser.com |

## DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S MOTION TO DISMISS ELG'S COMPLAINT PURSUANT TO FED. R. CIV. P.12(b)(6)

Defendants, Allied Universal Security Services, LLC (Allied), and Jane Roe Court Officer, by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP move to dismiss ELG's Complaint with prejudice under Rule 12(b)(6).

In accordance with L.R. 7.1(a), Defendants' counsel certifies that she conferred with Plaintiff's counsel regarding the basis of this Motion and did not obtain concurrence.

For the reasons set forth in the accompanying brief, Defendants request that this Court grant their motion, enter an order dismissing ELG's Complaint with prejudice, and award them any other relief this Court deems appropriate.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ *Matthew J. High*
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendant Universal
Protection Service, LLC d/b/a Allied
Universal Security Services
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
Date: September 30, 2024      valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

302751460v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend            CASE NO. 2:24-cv-12195
LATOREYA TILL                                     HON. David M. Lawson

       Plaintiffs,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

       Defendant.

| | |
|---|---|
| JAMES J. HARRINGTON (P65351) | VALERIE HENNING MOCK (P55572) |
| GARY N. FELTY, JR. (P55554) | MATTHEW J. HIGH (P82783) |
| FIEGER, FIEGER, KENNEY & | WILSON, ELSER, MOSKOWITZ, |
| HARRINGTON, P.C. | EDELMAN & DICKER, LLP |
| Attorneys for Plaintiff | Attorneys for Defendant Universal |
| 19390 West Ten Mile Road | Protection Service, LLC d/b/a Allied |
| Southfield, MI 48075 | Universal Security Services |
| (248) 355-5555 \| (248) 355-3148 [FAX] | 17197 N Laurel Park Drive, Suite 201 |
| j.harrington@fiegerlaw.com | Livonia, MI 48152 |
| g.felty@fiegerlaw.com | (313) 327-3100 \| (313) 327-3101 [FAX] |
| | valerie.mock@wilsonelser.com |
| | matthew.high@wilsonelser.com |

**BRIEF IN SUPPORT OF DEFENDANTS ALLIED UNIVERSAL
SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S
MOTION TO DISMISS ELG'S COMPLAINT PURSUANT TO FED.
R. CIV. P.12(b)(6)**

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

Does quasi-judicial immunity bar ELG's claims against Jane Roe and Allied because Jane Roe was acting pursuant to Judge King's facially valid order?

Defendants answer yes.

ELG answers no.

302751460v.1

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT</u>

Fed. R. Civ. P. 12(b)(6) permits a defendant to assert failure to state a claim upon which relief can be granted as a defense by motion.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009).

302751460v.1

## <u>INTRODUCTION</u>

This lawsuit involves several claims of civil rights violations. Judge Kenneth King presided over a homicide proceeding at 36th District Court while students from a nonprofit program observed. After the proceeding ended, the court went into recess and Judge King began talking to the students about the practice of law. During the presentation, ELG fell asleep and she claims Judge King felt disrespected. She further alleges Judge King "berated [her] on a live platform, ordered her jailed, caused her to be handcuffed, demanded that she take off her clothes and change into jail garb, imprisoned her for hours, and then conducted a fake trial with her classmates (possibly his internet followers) as her jurors and his audience." ELG believes her constitutional rights were violated and now seeks damages.

ELG filed suit against Judge King for constitutional violations. But she did not stop there. She also sued Jane Roe, the court officer[1] who acted on Judge King's orders, and Ms. Roe's employer, Allied, alleging tort and civil rights claims. This Court should dismiss ELG's claims against Jane Roe because quasi-judicial immunity bars claims for actions that are taken pursuant to a court order. ELG's Complaint fails to allege any facts that demonstrate that Jane Roe was acting beyond the scope of Judge King's orders. Relatedly, ELG's derivative claim of vicarious

---

[1] ELG also filed suit against John Doe court officer, but he is not an Allied employee.

liability also fails. For these reasons, the Court should dismiss ELG's claims against Jane Roe and Allied in their entirety.

## FACTUAL BACKGROUND

### A. The Incident

According to the Plaintiff's Complaint, on August 13, 2024, ELG participated in a vocational program, through a local nonprofit organization. The nonprofit organized a field trip for students to 36th District Court, and Judge King was the presenter. When ELG arrived at the court, she sat in the gallery of the courtroom assigned to Defendant Judge King. Court session began and the students observed a homicide proceeding in which Judge King presided. Once the proceeding ended, the Court went into recess. (ECF No. 1 at ¶16 – 27)

Judge King then begin sharing his insights with students about the practice of law. ELG slowly nodded off. In response, Judge King admonished and lectured her, but ELG continued to fall asleep. Judge King then suggested ELG go to the restroom and get a drink of water. When she returned, she was greeted by John Doe court officer. He directed ELG into a detention cell and locked her inside while Judge King brought court into session. About ten minutes later, Jane Roe court officer, opened the detention cell, handcuffed ELG and directed her to another cell. ELG then put on a jail jumpsuit over her clothing. (ECF No. 1 at ¶29 – 41)

ELG was handcuffed again and placed back in the original holding cell. She was later brought back into the courtroom for a mock proceeding. A random attorney posed as counsel for ELG, and the other students in the courtroom served as a mock jury. Judge King asked the students to decide whether ELG should go home with her family or serve time in the juvenile jail. The mock trial concluded shortly after. (ECF No. 1 at ¶43 – 50).

### B. Complaint

On August 21, 2024, ELG filed a 54-page complaint alleging various claims against Judge King, Allied, John Doe court officer, and Jane Roe Officer. Specifically, ELG alleges claims under 42 USC 1983 for Fourth Amendment Violations and False Arrest/False Imprisonment against Jane Roe and vicariously liability against Allied. Defendant Jane Roe now moves to dismiss ELG's claims because she is protected by quasi-judicial immunity.  Defendant Allied moves for dismissal of the derivative vicarious liability claims.

### <u>STANDARD OF REVIEW</u>

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is not entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  When deciding a motion under that  Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine

302751460v.1

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009).

ELG's Complaint does not meet this standard and, therefore, it should be dismissed.

## ARGUMENT

### A. Quasi-judicial immunity applies

ELG alleges two claims against Jane Roe court officer: (1) Fourth Amendment Unlawful Seizure & Detention; and (2) False Arrest & Imprisonment. Because the claims against Jane Doe are based on actions she took at the direction of Judge King, quasi-judicial immunity bars both claims.

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

As a general rule, non-judicial personnel, such as Court Service Officers, are protected by the mantle of quasi-judicial immunity when they follow an explicit

302751460v.1

directive from the court itself. "An official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order because the act of enforcing or executing a court order is intrinsically associated with a judicial proceeding." *J.P. Silverton Industries L.P. v. Sohm,* 243 F. App'x 82, 89 (6th Cir. 2007) (quoting *Cooper v. Parrish,* 203 F.3d 937, 948 (6th Cir. 2000)) (quotation marks and alterations omitted). "Other circuits have similarly recognized immunity for officials carrying out court orders." *See, e.g., Forte v. Sullivan,* 935 F.2d 1, 3 (1st Cir. 1991); *Wolfe v. City of Pittsburgh,* 140 F.3d 236, 240 (3d Cir. 1998); *Mays v. Sudderth,* 97 F.3d 107, 113 (5th Cir. 1996); *Dunn v. City of Elgin,* 347 F.3d 641, 647 (7th Cir. 2003); *Penn v. United States,* 335 F.3d 786, 789 (8th Cir. 2003).

"The Supreme Court has long held that a judge's exercise of control over the courtroom, including the admission and expulsion of attorneys and litigants, is a judicial act." *Ingram v. Township of Deptford,* 858 F. Supp. 2d 386, 391 (D.N.J. 2012) (citing *Bradley v. Fisher,* 80 U.S. 335, 346-47, 20 L. Ed. 646 (1871)). "A judge's directions to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles,* 502 U.S. at 12. Conversely, "barring admittance to the courtroom [is also a] judicial act [that qualifies for the protection of absolute immunity]." *Cameron v. Seitz,* 38 F.3d 264, 271 (6th Cir. 1994).

10

Entitlement to judicial or quasi-judicial immunity does not depend on the identity of the person performing the function, but on the judicial or quasi-judicial nature of the function itself. *Bush*, *supra* at 847 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993))). Quasi-judicial immunity applies to judicial employees' performance of their duties "[w]hether or not they committed any errors...." *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).

Courts regularly extend quasi-judicial immunity to court personnel and judicial staff. *See e.g., Wojnicz, supra at 383*; *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (judicial law clerk performing his judicial and quasi-judicial duties is immune from suit); *Coleman v. Gov. of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011) (absolute immunity extends to any person acting as an arm of the judicial officer); *Jackson v. Houck*, 181 F. App'x 372 (4th Cir. 2006) (law clerks assisting judge in carrying out judicial functions entitled to absolute judicial immunity); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (judicial immunity applies to judge's law clerk performing judicial functions).

In this case, as further detailed below, when Jane Roe detained, transported, and handcuffed ELG, she was acting on the direct orders of Judge King. Therefore, quasi-judicial immunity applies.

The first step in determining whether Jane Roe has absolute quasi-judicial immunity is to analyze the activities for which she is being sued. *Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)) The

allegations against Ms. Roe involve her role in handcuffing ELG, having ELG put

on "jail clothes," and transporting ELG to a detention cell. (ECF No. 1 at ¶ 166-191)

These allegations relate to maintaining courtroom decorum or an orderly courtroom,

which the courts have determined is indeed a judicial function. *See Muhammad v.

Weis,* No. 08-3616, 2009 U.S. Dist. LEXIS 72759, 2009 WL 2525454 (E.D. Pa.

Aug. 17, 2009) Because Ms. Roe was carrying out a judicial function, the first prong

allowing immunity is satisfied.

The next step is to determine whether Ms. Roe acted under the command of a

court decree or explicit instructions from a judge. *Henriksen v. Bentley,* 644 F.2d

852, 855 (10th Cir. 1981). Indeed, ELG's complaint explicitly states Jane Roe court

officer acted on Judge King's direct orders. (ECF No. 1 at ¶172). This is fatal to her

claim because an "official is entitled to absolute quasi-judicial immunity when that

official acts pursuant to a valid court order . . ." *Sohm*, 243 F.App'x at 89.

ELG's Complaint does not allege Jane Roe court officer acted of her own

volition, or that she exceeded the scope of Judge King's order. Rather, ELG simply

alleges Ms. Roe acted upon an unlawful order[2]. (ECF No. 1 at ¶172). But this

---

[2] This Court does not have to accept ELG's labeling of Judge King's order as unlawful because it is a legal conclusion couched as a factual allegation. *Gavitt* v. *Born*, 835 F.3d 623, 640 (6th Cir. 2016)

contention does not prevent quasi-judicial immunity's application because a facially valid order *can* be "unlawful or erroneous" but not rise to the level "level of illegality necessary to render them facially invalid for purpose of quasi-judicial immunity." *Ellis v. Stoney* 2013 U.S. Dist. LEXIS 48264 (D. Utah 2013)

ELG does not allege any facts in her Complaint that suggest Judge King's order rose to this level. Besides, an erroneous order can still be valid." *Zamora v. City of Belen*, 383 F. Supp. 2d 1315, 1326 (D.N.M. 2005)("And it is irrelevant to the executing officer's absolute immunity from suit under § 1983 if the court order violates a statute, or is erroneous or even unconstitutional, as long as it is 'facially valid.'")(citing *Turney*, 898 F.2d at 1473). This is because "[court officers] 'must not be required to act as pseudo-appellate courts scrutinizing the orders of judges,' but subjecting them to liability for executing an order because the order did not measure up to statutory standards would have just that effect." *Id.* (quoting *Valdez,* 878 F.2d at 1289). Expecting Jane Roe to scrutinize Judge King's orders as she receives them would have a chilling effect on court operations. And allowing plaintiffs like ELG to bring suit any time a court officer executes a judicial order which does not fulfill every legal requirement would make the officer "a lightning rod for harassing litigation aimed at judicial orders." *T&W Inv. Co. v. Jurtz*, 588 F.2d 801, 802, (10th Cir. 1978)

Examples abound with cases applying judicial immunity to the conduct of a person *other* than a judge involving explicit judicial commands. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (order for police officers to bring an attorney to the courtroom); *Martin v. Hendren,* 127 F.3d 720 (8th Cir. 1997) (order to a bailiff to remove a witness from the courtroom); *Cameron v. Seitz,* 38 F.3d 264, 271 (6th Cir. 1994) (order barring a counselor from appearing in the courtroom); *Daniels v. City of North Charleston,* No. 12-0319, 2012 U.S. Dist. LEXIS 126767, 2012 WL 3877710 (D.S.C. Aug. 9, 2012) (court policy forbidding plaintiff from wearing a hat in the courtroom); *Smith v. Cuyahoga County,* No. 10-00754, 2011 U.S. Dist. LEXIS 73668, 2011 WL 2671529 (N.D. Ohio July 8, 2011) (court ordered interviews of plaintiff and her children by staff psychologist); *Weis*, 2009 U.S. Dist. LEXIS 72759, at *43 (orders for deputies to remove plaintiff from courtroom).

In addition, it is worth noting that some courts have denied motions to dismiss when deputies were "not being called upon to answer for wrongdoing directed by the judge, but instead for their own conduct." *Richman v. Sheahan,* 270 F.3d 430, 437-438 (7th Cir. 2001).  That is not the case here; ELG is asking Jane Roe to answer for and explain the purported wrongdoing directed by Judge King, not her own conduct. That distinction is critical.

14

In summary, during regular court hours of operation, Judge King gave Jane Roe an order which she followed as she had done many times before. Attaching liability to her because one day in the future Judge King's order may be found to be unlawful is exactly the type of situation quasi-judicial is meant to prevent. Because she was acting solely at the direction of Judge King, quasi-judicial immunity bars ELG's claims against her.

**B. ELG's vicarious liability claim fails**

ELG alleges a claim for vicarious liability against Allied for Jane Roe's conduct. Vicarious liability occurs when one is indirectly responsible for the acts of another. *Theophelis v. Lansing Gen. Hosp.*, 430 Mich. 473, 483, 424 N.W.2d 478 (1988). However, vicarious liability is not an independent cause of action. *O'Bryan v. Holy See*, 556 F.3d 361, 370 (6th Cir. 2009).  Under Michigan law, when all substantive claims against a defendant fail, a plaintiff's derivative claim of vicarious liability necessarily fails as well. *Appalachian Railcar Servs v. Boatright Enters,* 602 F.Supp. 2d 829 (W.D. Michigan, 2008).  Because quasi-judicial immunity bars ELG's claims against Jane Roe, her vicarious liability claim against Allied also fails.

## CONCLUSION

Jane Roe acted on an order given by Judge King, which is tied to the judicial function of maintaining an orderly courtroom. As such, she is cloaked with quasi-judicial immunity.  To hold otherwise would lead to an absurd result by subjecting

302751460v.1

her and all similarly situated court officers to have to answer for any potential wrongdoing directed by a judge.

WHEREFORE, Allied Universal Security Services, LLC and Jane Roe Court Officer, respectfully request this Honorable Court grant their Motion to Dismiss and dismiss the Plaintiff's claims against them in their entirety with prejudice.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ Matthew J. High
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendant Universal
Protection Service, LLC d/b/a Allied
Universal Security Services
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
Date: September 30, 2024          valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on September 30, 2024

By: /s/Rhoda Haick
        RHODA HAICK

302751460v.1