IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELG, a minor by Parent and Next Friend LATOREYA TILL,<br><br>**Plaintiff,**<br><br>vs.<br><br>JUDGE KENNETH KING, individually; UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC; JOHN DOE COURT OFFICER, individually; and JANE ROE COURT OFFICER individually,<br><br>**Defendants.** | Civil No. 24-cv-12195<br><br>MOTION TO DISMISS IN LIEU OF ANSWER<br><br>Honorable David M. Lawson |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) IN LIEU OF ANSWER

NOW COMES Defendant, **JUDGE KENNETH KING**, by and through his attorneys, **THE PERKINS LAW GROUP, PLLC**, and **TODD RUSSELL PERKINS**, his attorney, and hereby requests that this Honorable Court dismisses Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

Pursuant to LR 7.1, counsel for Defendant contacted opposing counsel seeking concurrence in the relief being sought however, as of this filing, concurrence

1

has not been received.

                          Respectfully submitted,

                          <u>*/s/Todd Russell Perkins*</u>
                          **TODD RUSSELL PERKINS (P55623)**
                          *Attorney for Defendant*
                          615 Griswold, Suite 400
                          Detroit, Michigan 48226
                          (313) 964-1702
                          tperkins@perkinslawgroup.net

Dated: <u>October 21, 2024</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELG, a minor by Parent and Next Friend LATOREYA TILL, **Plaintiff,** vs. JUDGE KENNETH KING, individually; UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC; JOHN DOE COURT OFFICER, individually; and JANE ROE COURT OFFICER individually, **Defendants.** | Civil No. 24-cv-12195 MOTION TO DISMISS IN LIEU OF ANSWER Honorable David M. Lawson |

**BRIEF IN SUPPORT OF PLAINTIFF/COUNTER DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) IN LIEU OF ANSWER**

# TABLE OF CONTENTS

**QUESTIONS PRESENTED** ......................................................................... i

**TABLE OF AUTHORITIES** ....................................................................... ii

**STANDARD OF REVIEW** .......................................................................... 2

**LAW APPLICABLE TO THIS CASE** ...................................................... 3

**ARGUMENT** ................................................................................................ 4

I.      Plaintiff Has Failed To State Plausible §1983 Claims Against Defendant King. 4

**CONCLUSION / REQUEST FOR RELIEF** ............................................. 8

## QUESTIONS PRESENTED

I. Should Plaintiff's Claims in their Complaint Against Defendant King Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) When Judicial Officers Have Absolute Tort Immunity When Acting In there Judicial Capacity?

**Defendants Answers: YES**

Plaintiff Answers: NO

# TABLE OF AUTHORITIES

**Cases**
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 3
*Ashelman v. Pope,* 793 F.2d 1072 (9th Cir. 1986) ................................................. 12
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) ............................................. 3
*Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005) ..................................... 5
*Green v. Maraio*, 722 F.2d 1013 (2d Cir. 1983) ................................................... 13
*Hughes v. Duncan*, 93 F.4th 374 (6th Cir. 2024) ..................................................... 1
*King v. Myers*, 973 F.2d 354 (4th Cir. 1992) ........................................................ 12
*Livermoore ex rel. Rohm v. Lubelan*, 476 F.3d 397 (6th Cir. 2007) ........................ 5
*Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) .................. 6
*Spruytte v Owens*, 190 Mich App 127; 475 NW2d 382 (1991) ............................ 10
*Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) ........... 6

**Statutes**
42 U.S.C. § 1983 ....................................................................................................... 1
MCL 600.1701 ........................................................................................................ 10

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ................................................................. 3


## STATEMENT OF FACTS

It is alleged in Plaintiff's Complaint that the Hon. Kenneth King, during the course of his employment as a sitting Judge for the 36th District for the County of Wayne, State of Michigan, violated Plaintiff's civil rights under 42 U.S.C. § 1983.

Plaintiff does not allege any facts that rise to a claim pursuant to 42 U.S.C. § 1983, and fail to address the myriad of case law that state that "Federal common law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024). Plaintiff admits that Judge King was acting in his official capacity while mentoring a field trip and was in the performance of his official duties as Court was in session, and thus, there is no relief that can be sought.

## **STANDARD OF REVIEW**

A purported cause of action under the Federal Rule of Civil Procedure 12(b)(6) may be dismissed when the Amended Complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the Amended Complaint must assert a plausible claim and it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

In *Twombly,* the Supreme Court rejected the *Conley v Gibson* Rule 12(b)(6) standard that was set forth. *Twombly*, 550 U.S. at 560-61. Now, neither a "formulaic recitation of the elements of a cause of action" is enough to withstand dismissal. *Id.* at 555. Rather, under *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a Amended Complaint must contain sufficient factual matter, *accepted as true*, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 570. (emphasis added). Factual allegations in the Amended Complaint must be enough to raise a right to relief above the speculative level. *Twombly*. at 545. A Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do. *Id.*, at 555. (internal quotation marks omitted).

"A court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 550 U.S. at 679. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id.*

"A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 662, 678. The plausibility standard is not a probability requirement. Plausibility requires "more than a sheer possibility that a Defendant has acted unlawfully." *Id.* Ultimately, determining whether a Amended Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

A claim must be dismissed if the legal protections invoked by a party do not provide relief for the conduct alleged in its Complaint. *Golden v. City of Columbus,* 404 F.3d 950, 959 (6th Cir. 2005).

## LAW APPLICABLE TO THIS CASE

The plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or

3

formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

For federal claims, "[w]hen a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermoore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007). "Federal common law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024).

Further, judges received immunity from liability for damages for acts committed within their **judicial jurisdiction**." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)(emphasis added).

Two factors determine whether an act is a "judicial" one: "the nature of the act itself, i.e., whether it is a function normally performed by a judge" and also "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

## ARGUMENT
### I. Plaintiff Has Failed To State Plausible §1983 Claims Against Defendant King.

Plaintiff seems to allege that Defendant King was not acting within the scope

4

of his duties as a sitting judge for the 36th District Court when the allegations occurred. The factual matrix of the underlying complaint is of import and bears repeating. The trip that Plaintiff was on was to visit a sitting judge to watch a session of Court. That Plaintiff alleges that it was the nature of the session that caused her to close her eyes, which caused reprobation by Judge King. It is quite the paradox that Plaintiff can allege that it was the nature of the court session that caused her detachment, and then on the other hand argue that Defendant King was somehow divorced from his official duties and not acting in his judicial capacity. Furthermore, Michigan State Law vests judges and magistrates with the authority with the power to hold those in contempt. MCL 600.1701 enumerates these powers, stating:

> The supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:
> (a) **Disorderly**, contemptuous, or insolent behavior, committed during its sitting, **in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority**.
> (b) Any breach of the peace, noise, or disturbance directly tending to interrupt its proceedings.
> MCL 600.1701 (emphasis added)

Plaintiff's allegations belie the point that a sitting judge has the authority to control the form and function of their courtroom. Under Plaintiff's view, the Judge would have no ability to direct staff or control the function of Court without the Court being directly "in session", which fails to recognize what judicial functions are.

5

Not only does Federal law support this theory, but Michigan law states the same for Plaintiff's claims, reading "Judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their respective judicial, legislative, and executive authority" *Spruytte v Owens*, 190 Mich App 127, 130; 475 NW2d 382 (1991).

Turning to Plaintiff's allegation, it must be viewed under the two part test as put for the by *Stump,* supra. To reiterate, two factors determine whether an act is a "judicial" one: "the nature of the act itself, i.e., whether it is a function normally performed by a judge" and also "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump* at 362.

Plaintiff does not deny that she was on a field trip to watch a court in session. Plaintiff does not deny that Defendant was on the bench during the course of the allegations. Further, Plaintiff does not deny that they were in the presence of a judge acting in his official capacity, as they were there to witness a court session in action. Plaintiff seems to think that during a recess where Defendant King took questions from the gallery *in between* court sessions, while he was still acting as a judge, somehow removes him from his judicial role. Plaintiff seems to allege that during a recess period a judge loses all authority over a courtroom and is somehow stripped of his judicial authority.

This is an interesting analysis by Plaintiff in order to suggest that a judge loses

6

his/her authority when that judge enters into a "recess" period or is not on the bench. This set of circumstances and its intention to "strip" the Judge of his authority to act, rule and dispense justice would be the antithesis of justice. A simple, but historic lesson from the 1968 riots was taught by the late Hon. George Crockett, Jr. After the shooting of two police officers near, or outside of a church, over 100 people were cornered in the basement of the church. After some time, these individuals were arrested and placed in the jail. Judge Crockett used his authority to expedite hearings in this matter. It is common parlance or street lore that describes Judge Crockett's authority being questioned by a police official particularly in regard to when and where court could be conducted, and it is stated that Judge Crockett remarked that "court is wherever I say it is (with emphasis added)."

Although this court hearing with Judge King and the Plaintiff occurred under very different circumstances as the 1968 riots, the authority of a judicial officer acting in his/her capacity shall be protected, particularly against a challenge that seeks to transmute Judge King from a judge to a teacher. None of this effort to change the status of Judge King would cause for Judge King to lose his authority to act as a jurist. To suggest otherwise would nullify the effect and power of a court operating in a school or a court that is held outside. Would this have the effect of making Sobriety Courts powerless, since the most prominent component is teaching? We would pray not, and we would pray that we would all feel similarly.

7

Under all Federal and State case law, Plaintiffs arguments must fail. *Stump*, supra; *See* also *Mireles*, supra; 502 U.S. at 12, 13 (concluding that judge was immune from liability for allegedly authorizing police officers to use excessive force to hale an attorney into his courtroom); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (extending absolute judicial immunity to a judge who allegedly conspired with a prosecutor to predetermine the outcome of a proceeding); *King v. Myers*, 973 F.2d 354 (4th Cir. 1992) (holding that magistrate judge was absolutely immune from civil liability for directing a police officer to effect warrantless arrest); *Green v. Maraio*, 722 F.2d 1013 (2d Cir. 1983) (recognizing immunity where a judge instructed a court reporter to alter a trial transcript). In fact, the Supreme Court explicitly stated that "**[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority**," nor "if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 356, 359 (emphasis added).

Thus, Plaintiff's claims pursuant to § 1983 must fail.

## CONCLUSION / REQUEST FOR RELIEF

Based on the law and facts set forth above, Defendant King respectfully requests that his Honorable Court Grants his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in Lieu of An Answer, award attorney fees and costs wrongfully incurred in having to defend this frivolous action, and such other relief as this Court

deems just.

Respectfully submitted,

Dated: October 21, 2024

/s/Todd R. Perkins
TODD RUSSELL PERKINS (P55623)
THE PERKINS LAW GROUP, PLLC
*Attorney for Defendant*
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702
tperkins@perkinslawgroup.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing paper using the Court's ECF system, which will send notification of such filing to all counsel of record.

s/ Todd Russell Perkins
Todd Russell Perkins (P55623)
Attorney for Defendant Kenneth King

9