UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend          CASE NO. 2:24-cv-12195
LATOREYA TILL                                   HON. David M. Lawson

       Plaintiff,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

       Defendants.

| | |
|---|---|
| JAMES J. HARRINGTON (P65351)<br>GARY N. FELTY, JR. (P55554)<br>FIEGER, FIEGER, KENNEY &<br>HARRINGTON, P.C.<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 \| (248) 355-3148 [FAX]<br>j.harrington@fiegerlaw.com<br>g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572)<br>MATTHEW J. HIGH (P82783)<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>Attorneys for Defendants Allied and Jane Roe<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 \| (313) 327-3101 [FAX]<br>valerie.mock@wilsonelser.com<br>matthew.high@wilsonelser.com<br><br>TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |

1

## DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND

Defendants Allied Universal Security Services LLC and Jane Roe Court Officer by and through their attorneys, Valerie Henning Mock, Esq., and Matthew J. High, Esq., of Wilson Elser Moskowitz Edelman & Dicker, LLP, and for their Answer to Plaintiff's Complaint, state as follows:

### PREAMBLE

This paragraph contains only conclusory statements to which no answer is required. To the extent any answer is required, the allegations are denied.

### JURISDICTION

1.      In answer to paragraph 1, Defendants admit that this is a civil action arising out of an incident on August 13, 2024, but deny any allegation of improper conduct by Jane Roe court officer for the reason they are untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

2.      In answer to paragraph 2, Defendants admit that the Complaint alleges violation of 42 USC 1983, but these Defendants specifically deny any such violation for the reason it is untrue.

304037134v.1

3.     In answer to paragraph 3, the allegations of this paragraph are legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

4.     In answer to paragraph 4, the allegations of this paragraph are legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

5.     In answer to paragraph 5, Defendants deny the allegations as untrue.

6.     In answer to paragraph 6, the allegations of this paragraph are legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

## PARTIES AND VENUE

7.     In answer to paragraph 7, upon information and belief, Defendants admit the Plaintiff ELG is a minor. As to the remaining allegation of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

8.     In answer to paragraph 8, Defendants admit this matter is brought by ELG's mother as Next Friend. As to the remaining allegation of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants

3

lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

9.     In answer to paragraph 9, Defendants admit Judge Kenneth King is a District Court Judge in Wayne County, Michigan. As to the remaining allegation of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

10.     In answer to paragraph 10, Defendants admit.

11.     In answer to paragraph 11, Defendants admit that Jane Roe court officer is a resident of Wayne County, Michigan, and was acting within the scope of her employment in Wayne County. As to the remaining allegations regarding John Doe court officer, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs, but deny that he was employed by Allied Universal for the reason it is untrue.

12.     In answer to paragraph 12, these Defendants deny the allegations as to Judge King or Jane Roe court officer acted extra-judicially for the reason it is untrue. These Defendants further deny Jane Roe court officer abused any authority, violated Ms. ELG's civil rights our committed any torts for the reason it is untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the

4

allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

13.    In answer to paragraph 13, Defendants admit.

14.    In answer to paragraph 14, Defendants admit.

## FACTUAL ALLEGATIONS

15.    In answer to paragraph 15, Defendants admit.

16.    In answer to paragraph 16, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

17.    In answer to paragraph 17, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

18.    In answer to paragraph 18, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

19.    In answer to paragraph 19, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

20.    In answer to paragraph 20, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

21.    In answer to paragraph 21, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

22.    In answer to paragraph 22, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

23.    In answer to paragraph 23, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

24.     In answer to paragraph 24, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

25.     In answer to paragraph 25, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

26.     In answer to paragraph 26, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

27.     In answer to paragraph 27, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

28.     In answer to paragraph 28, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

29.     In answer to paragraph 29, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

30.     In answer to paragraph 30, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

31.     In answer to paragraph 31, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

32.     In answer to paragraph 32, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

33.     In answer to paragraph 33, Defendants admit that GM owns the RENCEN but deny the remaining allegations of this paragraph in the manner and form alleged.

34.     In answer to paragraph 34, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

35.     In answer to paragraph 35, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

36.     In answer to paragraph 36, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

37.     In answer to paragraph 37, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

38.     In answer to paragraph 38, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

39.     In answer to paragraph 39, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

40.     In answer to paragraph 40, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

41.     In answer to paragraph 41, Defendants admit that Jane Roe court officer was summoned to the courtroom and told to retrieve someone in the courtroom detention cell, handcuffed the individual now known as Ms. ELG and transported her downstairs to another detention cell per protocol. As to the remaining allegations of this paragraph, they are denied for the reason they are untrue.

42.     In answer to paragraph 42, Defendants deny the allegations of the paragraph. Ms. ELG was not asked to remove her clothing and she put the jumpsuit over her clothes.

43.     In answer to paragraph 43, Defendants admit that Ms. ELG put the jumpsuit over her clothing and was handcuffed and taken back to the court detention cell. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or

10

information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

44.    In answer to paragraph 44, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

45.    In answer to paragraph 45, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

46.    In answer to paragraph 46, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

47.    In answer to paragraph 47, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

48.    In answer to paragraph 48, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

49.     In answer to paragraph 49, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

50.     In answer to paragraph 50, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

51.     In answer to paragraph 51, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

52.     In answer to paragraph 52, Defendants deny the allegations in the manner and form alleged.

53.     In answer to paragraph 53, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

54.    In answer to paragraph 54, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

## DUE PROCESS

55.    Defendants incorporate by reference paragraphs 1 through 54.

56.    In answer to paragraph 56, the allegations of this paragraph are legal conclusions to which no answer is required.

57.    In answer to paragraph 57, Defendants admit.

58.    In answer to paragraph 58, Defendants admit.

59.    In answer to paragraph 59, Defendants admit the Sixth Amendment provides that an accused has the right to legal representation.

60.    In answer to paragraph 60, Defendants admit the Eighth Amendment protects citizens from excessive bail, fines, and cruel and unusual punishments.

61.    In answer to paragraph 61, the allegations of this paragraph are legal conclusions to which no answer is required.

62.    In answer to paragraph 62, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

63.     In answer to paragraph 63, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

64.     In answer to paragraph 64, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

65.     In answer to paragraph 65, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

66.     In answer to paragraph 66, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

67.     In answer to paragraph 67, the allegations of this paragraph are legal conclusions to which no answer is required.

68.     In answer to paragraph 68, the allegations of this paragraph are legal conclusions to which no answer is required.

69.     In answer to paragraph 69, the allegations of this paragraph are legal conclusions to which no answer is required.

70.     In answer to paragraph 70, the allegations of this paragraph are legal conclusions to which no answer is required.

71.     In answer to paragraph 71, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations and leave Plaintiff to her strict proofs.

72.     In answer to paragraph 72, the allegations of this paragraph are legal conclusions to which no answer is required.

73.     In answer to paragraph 73, the allegations of this paragraph are legal conclusions to which no answer is required.

74.     In answer to paragraph 74, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations and leave Plaintiff to her strict proofs.

75.     In answer to paragraph 75, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations and leave Plaintiff to her strict proofs.

76.     In answer to paragraph 76, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations and leave Plaintiff to her strict proofs.

77.     In answer to paragraph 77, the allegations of this paragraph are legal conclusions to which no answer is required.

78.     In answer to paragraph 78, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

79.     In answer to paragraph 79, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

80.     In answer to paragraph 80, the allegations of this paragraph are legal conclusions to which no answer is required.

81.     In answer to paragraph 81, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

16

82.     In answer to paragraph 82, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

83.     In answer to paragraph 83, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

84.     In answer to paragraph 84, the allegations of this paragraph are legal conclusions to which no answer is required.

85.     In answer to paragraph 85, the allegations of this paragraph are legal conclusions to which no answer is required.

86.     In answer to paragraph 86, the allegations of this paragraph are legal conclusions to which no answer is required.

87.     In answer to paragraph 87, the allegations of this paragraph are legal conclusions to which no answer is required.

88.     In answer to paragraph 88, the allegations of this paragraph are legal conclusions to which no answer is required.

89.     In answer to paragraph 89, the allegations of this paragraph are legal conclusions to which no answer is required.

90.     In answer to paragraph 90, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

91.     In answer to paragraph 91, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

92.     In answer to paragraph 92, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

## **LACK OF IMMUNITY**

93.     Defendants incorporate by reference paragraphs 1 through 92.

94.     In answer to paragraph 94, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

95.     In answer to paragraph 95, the allegations of this paragraph are legal conclusions to which no answer is required.

96.    In answer to paragraph 96, the allegations of this paragraph are legal conclusions to which no answer is required.

97.    In answer to paragraph 97, the allegations of this paragraph are legal conclusions to which no answer is required.

98.    In answer to paragraph 98, the allegations of this paragraph are legal conclusions to which no answer is required.

99.    In answer to paragraph 99, the allegations of this paragraph are legal conclusions to which no answer is required.

100.   In answer to paragraph 100, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

101.   In answer to paragraph 101, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

102.   In answer to paragraph 102, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

103.   In answer to paragraph 103, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

104.   In answer to paragraph 104, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

105.   In answer to paragraph 105, the allegations of this paragraph are legal conclusions to which no answer is required.

106.   In answer to paragraph 106, the allegations of this paragraph are legal conclusions to which no answer is required.

107.   In answer to paragraph 107, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

108.   In answer to paragraph 108, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

109.   In answer to paragraph 109, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

110.   In answer to paragraph 110, the allegations of this paragraph are legal conclusions to which no answer is required.

111.   In answer to paragraph 111, the allegations of this paragraph are legal conclusions to which no answer is required.

112.   In answer to paragraph 112, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

113.   In answer to paragraph 113, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

114.   In answer to paragraph 114, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack

21

knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

115.   In answer to paragraph 115, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

**COUNT I – DEFENDANT JUDGE KENNETH KING – MALICIOUS PROSECUTION IN VIOLATION OF THE 4TH AMENDMENT**

116.   Defendants incorporate by reference paragraphs 1 through 115.

117.   In answer to paragraph 117, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

118.   In answer to paragraph 118, the allegations of this paragraph are legal conclusions to which no answer is required.

119.   In answer to paragraph 119, the allegations of this paragraph are legal conclusions to which no answer is required.

120.   In answer to paragraph 120, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information

304037134v.1

sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

121.   In answer to paragraph 121, and subparagraphs (a) - (d), Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

122.   In answer to paragraph 122, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

123.   In answer to paragraph 123, and subparagraphs (a) – (f), insofar as this allegation may apply to these Defendants, they deny it as untrue.

124.   In answer to paragraph 124, and subparagraphs (a) – (g), insofar as this allegation may apply to these Defendants, they deny it as untrue.

125.   In answer to paragraph 125, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this

Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## COUNT II – DEFENDANT JUDGE KENNETH KING – UNLAWFUL ARREST AND INCARCERATION IN VIOLATION OF THE 4TH AMENDMENT

126.   Defendants incorporate by reference paragraphs 1 through 125.

127.   In answer to paragraph 127, the allegations of this paragraph are legal conclusions to which no answer is required.

128.   In answer to paragraph 128, the allegations of this paragraph are legal conclusions to which no answer is required.

129.   In answer to paragraph 129, the allegations of this paragraph are legal conclusions to which no answer is required.

130.   In answer to paragraph 130, the allegations of this paragraph are legal conclusions to which no answer is required.

131.   In answer to paragraph 131, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

132.   In answer to paragraph 132, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information

304037134v.1

sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

133.   In answer to paragraph 133, insofar as this allegation may apply to these Defendants, they deny it as untrue.

134.   In answer to paragraph 134, insofar as this allegation may apply to these Defendants, they deny it as untrue.

135.   In answer to paragraph 135, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

136.   In answer to paragraph 136, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

137.   In answer to paragraph 137, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

138.   In answer to paragraph 138, insofar as this allegation may apply to these Defendants, they deny it as untrue.

139.    In answer to paragraph 139, insofar as this allegation may apply to these Defendants, they deny it as untrue.

140.    In answer to paragraph 140, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## COUNT III – DEFENDANT JUDGE KENNETH KING – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

141.    Defendants incorporate by reference paragraphs 1 through 140.

142.    In answer to paragraph 142, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

143.    In answer to paragraph 143, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

144.   In answer to paragraph 144, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

145.   In answer to paragraph 145, insofar as this allegation may apply to these Defendants, they deny it as untrue.

146.   In answer to paragraph 146, insofar as this allegation may apply to these Defendants, they deny it as untrue.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## <u>COUNT IV – DEFENDANT JUDGE KENNETH KING – INVASION OF PRIVACY</u>

147.   Defendants incorporate by reference paragraphs 1 through 146.

148.   In answer to paragraph 148, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

149.   In answer to paragraph 149, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information

27

sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

150.   In answer to paragraph 150, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

151.   In answer to paragraph 151, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

152.   In answer to paragraph 152, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

153.   In answer to paragraph 153, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

154.   In answer to paragraph 154, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

155.   In answer to paragraph 155, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

156.   In answer to paragraph 156, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

157.   In answer to paragraph 157, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

158.   In answer to paragraph 158, insofar as this allegation may apply to these Defendants, they deny it as untrue.

159.   In answer to paragraph 159, insofar as this allegation may apply to these Defendants, they deny it as untrue.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this

Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## COUNT V – DEFENDANT JUDGE KENNETH KING – FALSE ARREST AND IMPRISONMENT

160.  Defendants incorporate by reference paragraphs 1 through 159.

161.  In answer to paragraph 161, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

162.  In answer to paragraph 162, and subparagraphs (a) – (e), Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

163.  In answer to paragraph 163, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

164.  In answer to paragraph 164, insofar as this allegation may apply to these Defendants, they deny it as untrue.

165.  In answer to paragraph 165, insofar as this allegation may apply to these Defendants, they deny it as untrue.

304037134v.1

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## COUNT VI – DEFENDANTS JOHN DOE & JANE DOE COURT OFFICER – FOURTH AMENDMENT UNLAWFUL SEIZURE & DETENTION

166.   Defendants incorporate by reference paragraphs 1 through 165.

167.   In answer to paragraph 167, the allegations of this paragraph are legal conclusions to which no answer is required.

168.   In answer to paragraph 168, the allegations of this paragraph are legal conclusions to which no answer is required.

169.   In answer to paragraph 169, the allegations of this paragraph are legal conclusions to which no answer is required.

170.   In answer to paragraph 170, the allegations of this paragraph are legal conclusions to which no answer is required.

171.   In answer to paragraph 171, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

172.   In answer to paragraph 172, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

173.   In answer to paragraph 173, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

174.   In answer to paragraph 174, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

175.   In answer to paragraph 175, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

304037134v.1

176.   In answer to paragraph 176, Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

177.   In answer to paragraph 177, Defendants deny the allegations as untrue.

178.   In answer to paragraph 178, Defendants admit that after Ms. ELG put on the jumpsuit over her clothes, Jane Roe court officer reapplied the handcuffs and brought her back to the courtroom detention cell.

179.   In answer to paragraph 179, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

180.   In answer to paragraph 180, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

181.   In answer to paragraph 181, insofar as this allegation may apply to these Defendants, they deny it as untrue.

182.   In answer to paragraph 182, and subparagraphs (a) – (f), insofar as this allegation may apply to these Defendants, they deny it as untrue.

183.   In answer to paragraph 183, insofar as this allegation may apply to these Defendants, they deny it as untrue.

184.   In answer to paragraph 184, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## <u>COUNT VII – DEFENDANTS JOHN DOE & JANE ROE COURT OFFICERS – FALSE ARREST & IMPRISONMENT</u>

185.   Defendants incorporate by reference paragraphs 1 through 184.

186.   In answer to paragraph 186, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

34

187.   In answer to paragraph 187, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

188.   In answer to paragraph 188, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

189.   In answer to paragraph 189, Defendants deny the allegations as to Jane Roe as untrue. As to the remaining allegations of this paragraph, these Defendants neither admit nor deny the allegations for the reason that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to her strict proofs.

190.   In answer to paragraph 190, insofar as this allegation may apply to these Defendants, they deny it as untrue.

191.   In answer to paragraph 191, insofar as this allegation may apply to these Defendants, they deny it as untrue.

304037134v.1

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

## COUNT VIII – DEFENDANT UNIVERSAL – VICARIOUS LIABILITY FOR STATE LAW TORTS

192.   Defendants incorporate by reference paragraphs 1 through 191.

193.   In answer to paragraph 193, the allegations of this paragraph are legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied. Defendants further state that John Doe is not employed by Allied Universal.

194.   In answer to paragraph 194, the allegations of this paragraph are legal conclusions for which no answer is required. To the extent any answer is required, the allegations are denied.

WHEREFORE, DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER respectfully request that this Court enter an order dismissing Plaintiff's claims against Defendants in their entirety, with prejudice, and with costs and attorney fees wrongfully incurred.

304037134v.1

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendants Allied and
Jane Roe
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
Date: October 31, 2024      valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

37

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend
LATOREYA TILL

      Plaintiff,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

      Defendants.

CASE NO. 2:24-cv-12195
HON. David M. Lawson

| | |
|---|---|
| JAMES J. HARRINGTON (P65351)<br>GARY N. FELTY, JR. (P55554)<br>FIEGER, FIEGER, KENNEY &<br>HARRINGTON, P.C.<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 | (248) 355-3148 [FAX]<br>j.harrington@fiegerlaw.com<br>g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572)<br>MATTHEW J. HIGH (P82783)<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>Attorneys for Defendants Allied and Jane Roe<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 | (313) 327-3101 [FAX]<br>valerie.mock@wilsonelser.com<br>matthew.high@wilsonelser.com<br><br>TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |

304037134v.1

## <u>DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER'S AFFIRMATIVE DEFENSES</u>

Defendants Allied Universal Security Services LLC and Jane Roe Court Officer by and through their attorneys, Valerie Henning Mock, Esq., and Matthew J. High, Esq., of Wilson Elser Moskowitz Edelman & Dicker, LLP, submit the following as their Affirmative Defenses:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendants had the appropriate policies, procedures, mechanisms, and training in place and enforced.

3.      Plaintiff's Complaint may be barred because of release, payment, res judicata, accord and satisfaction, waiver, laches, contributory negligence, arbitration and award, assumption of risk, duress, estoppel, failure of consideration, fraud, illegality, statute of frauds, statute of limitations.

4.      Defendants observed all legal duties and all actions were prudent, proper and lawful.

5.      Any action or inaction by these Defendants was not discriminatory in nature.

6.      Defendants properly performed any obligations and duties under all federal, state and administrative statutes, regulations, rules and/or guidelines.

7.      Defendants exercised reasonable care to prohibit, prevent and correct any discrimination.

304037134v.1

8.      Defendants adequately performed any necessary investigation and took prompt and appropriate remedial action upon notice of any improper conduct.

9.      Any conditions of any detention were not unreasonable.

10.     Plaintiff's damages, if any, were caused or contributed to by a superseding or intervening cause over which Defendants had no right or ability to control.

11.     Any direct or implied claim of punitive and/or exemplary damages is not recoverable.

12.     Attorneys' fees are not recoverable.

13.     Plaintiff was not denied due process by these Defendants.

14.     Plaintiff was not denied equal protection or equal rights under the law by these Defendants.

15.     Any actions taken against the Plaintiff were in compliance with a court's direct order.

16.     Defendants are entitled to quasi-judicial immunity.

17.     The sole (or a) proximate cause of the incident or the damages and injuries Plaintiff allegedly sustained may have been the negligence and/or comparative negligence of Plaintiff or other parties or non-parties, and the damages should be reduced according to the percentage of fault assigned by the trier of fact. If the trier of fact determines Plaintiff is more than 50% at fault, Plaintiff's recovery

40

is barred in whole or in part.

18.     Pursuant to MCL 600.6304, Defendants are entitled to have the trier of fact apportion fault as to the parties and any non-parties who may have caused or contributed to the alleged incident and/or Plaintiff' alleged injuries or damages.

19.     There was no disparate treatment or impact on Plaintiff.

20.     The doctrine of qualified immunity bars Plaintiff' claims.

21.     Defendants were following contractual obligations and did not violate any constitutionally protected rights.

22.     Plaintiff's claims are barred by the doctrine of unclean hands.

23.     Plaintiff' claims do not rise to the level of a constitutional violation.

24.     Defendants did not violate any clearly established constitutional rights of Plaintiff to which the Defendants were or should have been aware.

25.     Defendants are entitled to governmental immunity.

26.     Defendants are entitled to a set-off to the extent of any recovery by a collateral source or reached through a settlement of any Co-Defendant or any non-party.

27.     Any claim of gross negligence fails because Defendants did not show a reckless or willful disregard for the Plaintiff.

28.     Defendants had no notice of any inappropriate or unlawful conduct.

29.     Defendants are not vicariously liable for alleged actions by any agent

41

or employee outside the scope of employment and/or tortious behavior.

30.     Any actions taken with respect to Plaintiff were for legitimate reasons, unrelated to Plaintiff's race or any other protected characteristic, in good faith and without malice.

31.     Any restraint, arrest, custody or detainment was lawfully performed by these Defendants.

32.     Any actions taken by the Defendants were reasonable.

33.     Defendants complied with any and all licensing requirements.

34.     Plaintiff's claims are barred by the Wrongful Conduct Rule.

35.     Plaintiff cannot establish a prima facie case of discrimination.

36.     Any actions taken by the Defendants did not violate any statutory or constitutional rights of the Plaintiff.

37.     The Defendants did not act intentionally or recklessly.

38.     The Defendants' conduct was neither extreme nor outrageous.

39.     Defendants adopt and incorporate all affirmative defenses asserted by any Co-Defendant that is not adverse to these Defendants.

40.     Defendants reserve the right to amend and/or assert further affirmative defenses as may be warranted throughout discovery in this case.

304037134v.1

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendants Allied and Jane
Roe
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
Date: October 31, 2024        valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

43

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend        CASE NO. 2:24-cv-12195
LATOREYA TILL                                 HON. David M. Lawson

     Plaintiff,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

     Defendants.

| | |
|---|---|
| JAMES J. HARRINGTON (P65351)<br>GARY N. FELTY, JR. (P55554)<br>FIEGER, FIEGER, KENNEY &<br>HARRINGTON, P.C.<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 \| (248) 355-3148 [FAX]<br>j.harrington@fiegerlaw.com<br>g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572)<br>MATTHEW J. HIGH (P82783)<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>Attorneys for Defendants Allied and Jane Roe<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 \| (313) 327-3101 [FAX]<br>valerie.mock@wilsonelser.com<br>matthew.high@wilsonelser.com<br><br>TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |

44

304037134v.1

## <u>DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES LLC AND JANE ROE COURT OFFICER'S RELIANCE UPON JURY DEMAND</u>

Defendants Allied Universal Security Services LLC and Jane Roe Court Officer by and through their attorneys, Valerie Henning Mock, Esq., and Matthew J. High, Esq., of Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby rely on Plaintiff's demand for jury trial.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendants Allied and
Jane Roe
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
Date: October 31, 2024    valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

## <u>PROOF OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on October 31, 2024.

By*: /s/Rhoda Haick*
RHODA HAICK

45

304037134v.1