UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend
LATOREYA TILL

    Plaintiff,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

    Defendants.

CASE NO. 2:24-cv-12195
HON. David M. Lawson

| | |
|---|---|
| JAMES J. HARRINGTON (P65351) <br> GARY N. FELTY, JR. (P55554) <br> FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. <br> Attorneys for Plaintiff <br> 19390 West Ten Mile Road <br> Southfield, MI 48075 <br> (248) 355-5555 \| (248) 355-3148 [FAX] <br> j.harrington@fiegerlaw.com <br> g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572) <br> MATTHEW J. HIGH (P82783) <br> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP <br> Attorneys for Defendants Allied and Jane Roe <br> 17197 N Laurel Park Drive, Suite 201 <br> Livonia, MI 48152 <br> (313) 327-3100 \| (313) 327-3101 [FAX] <br> valerie.mock@wilsonelser.com <br> matthew.high@wilsonelser.com |

1

304036449v.1

|  | TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |
|---|---|

### DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S MOTION FOR LEAVE TO ACCEPT LATE FILING OF DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, by and through their counsel, hereby move this Honorable Court to accept the late filing of Defendants' Answer to Plaintiff's Complaint pursuant to Fed. R. Civ. P. 6(b)(1)(B).

On October 31, 2024, Defendants' counsel sought concurrence in the relief sought. Plaintiff's counsel did not give concurrence, but stated he leaves the issue to this Court's discretion.

                                      Respectfully submitted,

                                      WILSON ELSER MOSKOWITZ
                                      EDELMAN & DICKER, LLP

                                      /s/ *Valerie Henning Mock*
                                      VALERIE HENNING MOCK (P55572)
                                      MATTHEW J. HIGH (P82783)
                                      Attorneys for Defendants Allied and Jane Roe
                                      17197 N. Laurel Park Drive, Suite 201
                                      Livonia, Michigan 48152
                                      (313) 327-3100
Date: October 31, 2024              valerie.mock@wilsonelser.com
                                      matthew.high@wilsonelser.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELG, a minor by Parent and Next Friend LATOREYA TILL | CASE NO. 2:24-cv-12195 HON. David M. Lawson |
| Plaintiff, | |
| v. | |
| JUDGE KENNETH KING, UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC, JOHN DOE COURT OFFICER AND JANE ROE COURT OFFICER | |
| Defendants. | |

| | |
|---|---|
| JAMES J. HARRINGTON (P65351) GARY N. FELTY, JR. (P55554) FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. Attorneys for Plaintiff 19390 West Ten Mile Road Southfield, MI 48075 (248) 355-5555 \| (248) 355-3148 [FAX] j.harrington@fiegerlaw.com g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572) MATTHEW J. HIGH (P82783) WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP Attorneys for Defendants Allied and Jane Roe 17197 N Laurel Park Drive, Suite 201 Livonia, MI 48152 (313) 327-3100 \| (313) 327-3101 [FAX] valerie.mock@wilsonelser.com matthew.high@wilsonelser.com |

4

|  | TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |
|---|---|

**BRIEF IN SUPPORT OF DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S MOTION FOR LEAVE OF THE COURT TO ACCEPT THE LATE FILING OF DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

5

## **TABLE OF CONTENTS**

Page

CONCISE STATEMENT OF THE ISSUE PRESENTED ...................................... 7

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY .................................................................................................. 8

ARGUMENT ......................................................................................................... 9

RELIEF REQUESTED ......................................................................................... 10

304036449v.1

## **CONCISE STATEMENT OF ISSUE PRESENTED**

Should this Court accept the filing of Defendants' Answer to Plaintiff's Complaint when it was filed one day late due to an inadvertent mistake?

Defendants answer "yes."

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

The most appropriate authority is Fed. R. Civ. P. 6(b)(1)(B) and *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006).

304036449v.1

## **ARGUMENT**

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 30, 2024[1]. On October 9, 2024, this Court ordered these Defendants to file an Answer to the Complaint by October 30, 2024. Due to defense counsel's mistake, Defendants filed their Answer to Plaintiff's Complaint on October 31, 2024. First and foremost, defense counsel apologizes to the parties and this Court for this unfortunate error. The Plaintiff filed her Response to the Motion to Dismiss and the Reply to that Response is due on November 4, 2024. Defense counsel mistakenly believed that it was the Answer to the Complaint that is due on November 4, 2024.

Fed. R. Civ. P. 6(b)(1)(B) provides that the court may, for good cause, extend time after a deadline, if the party failed to act as the result of excusable neglect. *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514 (6th Cir. 2006)(citation omitted) provides the principal factors for determining excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."

In this case, there was excusable neglect in that counsel made an inadvertent clerical error which does not prejudice the Plaintiff nor does it impact the proceedings

---

[1] The Complaint was filed on August 21, 2024 and, pursuant to an agreement with Plaintiff's counsel, the deadline for responsive pleadings was extended to September 30, 2024.

9

in any way. She acted in good faith and filed the Answer to the Complaint as soon as the mistake was discovered. As such, good cause exists for this Court to accept the late filing.

WHEREFORE, Defendants respectfully request this Honorable Court grant this Motion for Leave and accept the filing of Defendants' Answer to Plaintiff's Complaint.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
MATTHEW J. HIGH (P82783)
Attorneys for Defendants Allied & Jane Roe
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100
valerie.mock@wilsonelser.com
Date: October 31, 2024           matthew.high@wilsonelser.c

10

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on October 31, 2024

By: */s/Rhoda Haick*
    RHODA HAICK