UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor by Parent and Next Friend
LATOREYA TILL

    Plaintiffs,

v.

JUDGE KENNETH KING,
UNIVERSAL PROTECTION
SERVICES d/b/a ALLIED
UNIVERSAL SECURITY SERVICES
and/or ALLIED UNIVERSAL
SECURITY SERVICES, LLC, JOHN
DOE COURT OFFICER AND JANE
ROE COURT OFFICER

    Defendant.

CASE NO. 2:24-cv-12195
HON. David M. Lawson

| JAMES J. HARRINGTON (P65351)<br>GARY N. FELTY, JR. (P55554)<br>FIEGER, FIEGER, KENNEY &<br>HARRINGTON, P.C.<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 \| (248) 355-3148 [FAX]<br>j.harrington@fiegerlaw.com<br>g.felty@fiegerlaw.com | VALERIE HENNING MOCK (P55572)<br>MATTHEW J. HIGH (P82783)<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>Attorneys for Defendants Allied and Jane Roe<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 \| (313) 327-3101 [FAX]<br>valerie.mock@wilsonelser.com<br>matthew.high@wilsonelser.com<br><br>TODD R. PERKINS (P55623)<br>THE PERKINS LAW GROUP, PLLC<br>Attorneys for Defendant King<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |
|---|---|

303953567v.1

**DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.12(b)(6)**

### A. *Rodriguez* is inapplicable and distinguishable.

ELG clings to a single, non-binding, opinion to challenge Jane Roe's entitlement to quasi-judicial immunity. But *Rodriguez v. Providence Cmty. Cor., Inc.* 191 F. Supp. 3d 758 (M.D. Tenn., 2016), is factually and legally distinguishable—leaving ELG's misplaced claims against Jane Roe and Allied without any support and ripe for dismissal.

In *Rodriguez*, the plaintiffs sued PPC, a private corporation, for due process and equal protection violations[1]. *Rodriguez*, 191 F. Supp. 3d at 762. Relying on quasi-judicial immunity, PCC moved for dismissal. *Id*. The court rejected PCC's argument holding that "quasi-judicial immunity has never extended to a private party, let alone one with a financial interest in the proceedings." *Id*. at 767. The court further noted PCC was a distinct legal entity upon which plaintiffs sought to hold liable for its own policies and practice. *Id*. (emphasis added)

The instant case is entirely distinguishable. ELG conflates the central issue which is whether Jane Roe is entitled to quasi-judicial immunity with whether or not Allied is immune. However, this Court need not decide whether a private corporation like Allied is entitled to immunity because there are no allegations in ELG's

---

[1] "The gravamen of Plaintiffs' claims is that the County's outsourcing of misdemeanor probation services to a private for-profit corporation, PCC, resulted in an unconstitutional scheme that deprived indigent probationers of their due process and equal protection rights." *Id*. at 762.

1

Complaint for its conduct, only allegations of vicarious liability. Instead, ELG alleges Jane Roe acted upon Judge King's order. The immunity belongs to her.

Whether Jane Roe is an Allied or 36th District Court employee is immaterial. Entitlement to quasi-judicial immunity *does not* depend on identity of the person performing the function, but on the judicial or quasi-judicial nature of the function itself. *Bush v. Rauch* 38 F.3d 842, 847 (6th Cir. 1994) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) (the determination of whether an act is a judicial function depends on "the nature of the function performed, not the identity of the actor who performed it").

Moreover, the court in *Pickett v. Williams*, 2019 U.S. Dist. LEXIS 11534 (N.D. Tex. Jun. 24, 2019), found that a bailiff who searched the plaintiff's phone at the judge's direction was entitled to quasi-judicial immunity despite the plaintiff alleging he was a private contractor of the county defendant. The reasoning was that "court personnel should not serve as a lightning rod for harassing litigation." *In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002). In the same vein, the Ninth Circuit Court of Appeals found that quasi-judicial immunity applied to a private mediator. *Secress v. Ullman*, 147 Fed. Appx. 636, 638 (9th Cir. 2005). The Court should reach the same conclusion here.

In sum, unlike *Rodriguez*, where the plaintiffs sought to hold PCC directly liable for its conduct, here, ELG seeks to hold Allied only vicariously liable for Jane

2

Roe Court Officer's conduct, and in turn, Jane Roe Court Officer liable for Judge Kenneth King's conduct. The quasi-judicial immunity belongs to Jane Roe and, as such, she should be dismissed. As Plaintiff admitted, if the principal claim fails, so does the derivative claim. Therefore, the case against Allied must be dismissed as well.

**B. Judge King gave a facially valid order based on the allegations in ELG's Complaint**.

Courts make it clear: facially valid does not mean lawful. An erroneous order can be facially valid. *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990); *Zamora v. City of Belen*, 383 F. Supp. 2d 1315, 1326 (D.N.M. 2005)("And it is irrelevant to the executing officer's absolute immunity from suit under § 1983 if the court order violates a statute, or is erroneous or even unconstitutional, as long as it is 'facially valid.'")(citing *Turney*, 898 F.2d at 1473). Because "[court officers] 'must not be required to act as pseudo-appellate courts scrutinizing the orders of judges,' but subjecting them to liability for executing an order because the order did not measure up to statutory standards would have just that effect." *Id*. (quoting *Valdez v. City and County of Denver,* 878 F.2d 1285 1289(10th Cir. 1989).

Execution of a court order is an integral part of the judicial process. *Bush*, 38. F.3d at 847. To hold court officers liable "for executing orders because the order did not measure up to statutory standards would have [a chilling effect]." *Id.* Granting officers like Jane Roe quasi-judicial absolute immunity when they execute court

3

orders "they are powerless to control" serves the interests of "[s]imple fairness" and "the court's authority and ability to function." *Moss v. Kopp*, 559 F.3d 155, 1165 (10th Circuit 2009).

Disregarding well established law, ELG argues Judge King's order was not facially valid because it was unlawful. But far more is required. For example, in *Flanagan v. Shamo*, 111 F. Supp. 2d 892, 895 (E.D. Mich. 2000), a Michigan state court judge asked a witness who had finished testifying to remain in the courtroom. When the witness did not comply, the judge held him in contempt and sentenced him to ten days in jail. *Id.* While the Court of Appeals found that the judge had no authority to order a mere spectator to remain in the courtroom, *that did not deprive the judge of all jurisdiction for immunity purposes*. *Flanagam*, 111 F. Supp. 2d at 896. This is because "courts have general jurisdiction over courtroom administrative matters," and the judge's directive fell within that ambit. *Id.* at 899. The same logic applies to Judge King's order.

One final point: this Court previously denied a dispositive motion involving this Defendant[2] at 36th District Court. *Fareed v. G4S Secure Solutions*, (USA) Inc., 942 F.Supp. 2d 738 (E.D. Mich. April 29. 2013). Indeed, the Court denied Defendant's motion in that case because the court officers acted on their own volition, and not upon the court's order. *Fareed*, 942 F.Supp.2d at 748. There, the

---

[2] Allied subsequently acquired G4S.

4

court officers removed plaintiff from the courtroom, and compelled him to remove his kufi without any order to do so. *Id*.

Here, ELG does not allege that Jane Roe acted of her own volition. Instead, she alleges Jane Roe did exactly what the judge told her to do. The allegations against Ms. Roe involve her role in handcuffing ELG, having ELG put on "jail clothes," and transporting ELG to a detention cell. (ECF No. 1 at ¶ 166-191) Consequently, quasi-judicial immunity bars ELG's claims because non-judicial personnel, such as Jane Roe, are protected when following an explicit directive from the court itself. *Fareed*, 942 F.Supp.2d at 748.

## CONCLUSION

Court officers should not be required to make the Hobson's choice between disobeying facially valid *court* orders or being "haled" into *court* to answer for damages[3]. Yet, that is precisely what ELG wants Jane Roe to do. Instead, the Court should reject that notion, and grant Defendants' motion.

---

[3] *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993).

          Respectfully submitted,

          WILSON ELSER MOSKOWITZ
          EDELMAN & DICKER, LLP

          /s/ *Matthew J. High*
          VALERIE HENNING MOCK (P55572)
          MATTHEW J. HIGH (P82783)
          Attorneys for Defendant Universal
          Protection Service, LLC d/b/a Allied
          Universal Security Services
          17197 N. Laurel Park Drive, Suite 201
          Livonia, Michigan 48152
          (313) 327-3100

Date: November 4, 2024      valerie.mock@wilsonelser.com
          matthew.high@wilsonelser.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on November 4, 2024

By: */s/Rhoda Haick*
     RHODA HAICK

303953567v.1