UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a minor child by next friend,
LATOREYA TILL,

           Plaintiffs,                        Case Number 24-12195
v.                                                           Honorable David M. Lawson

KENNETH KING, UNIVERSAL PROTECTION
SERVICES, JOHN DOE COURT OFFICER,
and JANE DOE COURT OFFICER,

           Defendants.
_____/

## ORDER GRANTING DEFENDANT ALLIED UNIVERSAL SECURITY SERVICES, LLC, AND JANE ROE COURT OFFICER'S MOTION FOR LEAVE TO ACCEPT LATE ANSWER TO THE COMPLAINT

On October 31, 2024, defendants Universal Protection Services (Allied Universal Security Services, LLC) and Jane Roe Court Officer filed a motion for leave to file their answer to the complaint a day late. The defendants' answer was due on October 30, 2024. Defense counsel represent that they mistakenly believed that the answer was due on November 4, 2024 due to a clerical error. The plaintiff does not take a position on the motion.

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court noted that, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392 (footnotes

omitted). To determine whether a party's neglect is excusable the court must consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (applying the *Pioneer* factors to a Rule 6(b)(1)(B) analysis).

The Court finds that the defendants' delay in filing their answer constitutes excusable neglect. There is no suggestion of bad faith; the delay is minor and will not prejudice the plaintiff. The Court therefore will grant the plaintiff's motion.

Accordingly, it is **ORDERED** defendants Universal Protection Services' and Jane Roe Court Officer's motion for leave to file their answer a day late (ECF No. 22) is **GRANTED**.

                                                          s/David M. Lawson
                                                          DAVID M. LAWSON
                                                          United States District Judge

Dated: November 8, 2024