UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELG, a Minor, by Parent and
Next Friend, LATOREYA TILL,

        Plaintiff,

                                         Case Number 24-12195
v.                                     Honorable David M. Lawson

KENNETH KING, UNIVERSAL PROTECTION
SERVICES, JOHN DOE COURT OFFICER,
and JANE DOE COURT OFFICER,

        Defendants.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| **Initial Disclosures Exchanged By:** | **December 17, 2024** |
| **Expert Disclosure, plaintiff:** | **April 1 2025** |
| **Expert Disclosure, defendant:** | **April 30, 2025** |
| **Pretrial Disclosures (Rule26(a)(3)):** | **December 22, 2025** |
| **Discovery Cutoff:** | **May 30, 2025** |
| **Interim Status Conference:** | **March 18, 2025 at 4:00 p.m.** |
| **Motions Challenging Experts Filed By:** | **June 20, 2025** |
| **Dispositive Motions Filed By:** | **June 20, 2025** |
| **Motions *in limine* Filed By:** | **January 6, 2026** |
| **Final Pretrial Order Due:** | **February 5, 2026** |
| **Final Pretrial Conference:** | **February 12, 2026 at 2:00 p.m.** |
| **Trial Date:** | **February 24, 2026 at 8:30 a.m.** |

**Jury Trial**
Detailed information contained in body of order.  Read Carefully:
**SOME DEADLINES MAY BE SHORTER** than Local Rules would allow.

The Court held a case management and scheduling conference with counsel for the parties under Federal Rule of Civil Procedure 16(a).  In accordance with Rule 16(b), it is **ORDERED** as follows:

I.     Computation of time under this order and under any notice of any scheduling order or notice in this case shall be governed by Federal Rules of Civil Procedure 6(a).

II.    DISCOVERY.

   A.  The Court enforces discovery plans agreed to by all parties, except as modified by this Order or other Order of the Court.  Disclosure required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) must be served on opposing counsel, *but not filed with the Clerk of the Court*, on or before **December 17, 2024.**

   B.  Disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) must be made as follows: if not already disclosed under Paragraph II (A) above, disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, *but not filed with the Clerk of the Court*, by the party with the burden of proof on the issue on or before **April 1, 2025** and by the opposite party on or before **April 30, 2025**.

   C.  **The Court reminds the parties that Federal Rule of Civil Procedure 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the Clerk depositions, interrogatories, requests for the production of documents, requests for admission, responses to such discovery material, *and certificates of service* except as provided in Local Rule 26.2.  Disclosures under Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed under Local Rule 26.2.  *See* Fed. R. Civ. P. 5(d).  *Parties and counsel who submit filings in violation of these provisions may be assessed costs by the Court.***

   D.  A list in the form required by Federal Rule of Civil Procedure 26(a)(3) of the witnesses (both lay and expert) whom a party may call to testify and exhibits must be filed with the Clerk of the Court and served on opposing counsel on or before **December 30, 2025**.

   E.  Discovery must be completed on or before **May 30, 2025**.  The Court will not order discovery to take place after the discovery cutoff date.  Discovery can be conducted both before and after the discovery cutoff date by mutual agreement only if the extension of time does not affect the motion filing, final pretrial conference, or trial dates.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown.

2

F.  Proposed protective orders must comply with the guidelines contained on the Court's web page.

III.  JOINDER OF PARTIES AND AMENDMENTS.   The parties must move to join additional parties under Fed. R. Civ. P. 14, 19, or 20 no later than 90 days before the close of discovery stated in section II(E) of this order.   Unless otherwise stated herein, the parties must move to amend pleadings no later than 30 days before the close of discovery stated in section II(E) of this order.

IV.  MOTIONS CHALLENGING EXPERT WITNESSES. The deadline for filing motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 shall be **June 20, 2025**.  If such motion requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date.  All such motions should include specific references to the witness's deposition and to all other record material needed to establish the foundation for the motion.

V.  DISPOSITIVE MOTIONS.  Dispositive motions must be filed on or before **June 20, 2025**.  No party may file more than one motion for summary judgment without obtaining leave of Court.  Challenges to several counts of a complaint must be brought in a single motion. When filing motions for summary judgment, parties shall comply with the following guidelines:

A. Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An excellent summary of these cases appears in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).  *See also* Schwarzer, *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465 (1984).  Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy citations in support of well-established legal principles.

B. Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record, using PAGE ID references when available.  If facts are disputed, the moving party must explain how the fact is not material to the dispute.

VI.  GENERAL MOTION PRACTICE.

A. Discovery motions may be referred to the magistrate judge.  Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

B. The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions.

3

Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions.

C. <u>All parties must strictly comply with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion.</u>  The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual voice contact with opposing counsel.  Email communication generally will be deemed insufficient.  If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference.  All of this must be documented specifically in the motion papers.

D. Motions must be clear and succinct without extensive factual development.  All briefs must comply with Eastern District of Michigan Local Rules 5.1 and 7.1 and must contain citation of appropriate authorities within the text of the brief (not in footnotes), and citations must conform to the latest edition of <u>The Bluebook: A Uniform System of Citation</u> published by the Harvard Law Review.  In addition, briefs must contain a concise statement of facts supported by references to the record using PAGE ID references when available.  Text in footnotes must be of the same font and size as the text of the body of the document and conform to all of the same criteria specified under LR 5.1(a)(3).

E. Answers to motions and supporting briefs must be filed according to the schedule set forth in LR 7.1(d).  Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining an answer to a motion with a counter-motion in the same filing.  *The Court does not issue a briefing schedule.  The Court enforces the response and reply due dates as set forth in LR 7.1(d) and Fed. R. Civ. P.6, even when the motion hearing is set far in advance.*  Attorneys who do not respond to motions in a timely fashion are not permitted to argue before the Court during oral argument, if oral argument is scheduled.

F. Counsel are discouraged from employing elaborate boilerplate recitations of the applicable motion standards and lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent, published, and from controlling courts.

G. Facts stated in the statement of facts must be supported with citations of either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits, using PAGE ID references when available.

H. Motions with references to the record should be accompanied by an appendix. The appendix must contain an index.  As to cited depositions testimony, counsel are also encouraged to supply the Court with a transcript of cited page(s) together with sufficient accompanying pages to provide context.  All citations must have page references.  Other documents referred to in the briefs should be included in the appendix. When referring to unpublished sources, the full text of any unpublished

source cited should not be filed with Court as an appendix.  When citing unpublished authority, the Court prefers WestLaw references.

I.   Courtesy copies of motions and briefs must be furnished to chambers as noted in Rule R5(b) of the Electronic Filing Policies and Procedures.

J.   If a hearing is scheduled, the Court's Case Manager will send out a notice of the hearing date.

K.   The Court endeavors to decide pending motions promptly, ordinarily within six weeks after a hearing, or within three weeks after the time for a response has passed without a response being filed.  Complex motions or those raising novel issues may require additional time to conclude.  If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status of the motion.  Such notification is a service that is appreciated by the Court and is not viewed by the Court as inappropriate or impertinent.

VII.   E-FILING.

A.   All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system.  *All* attorneys should become familiar with the CM/ECF Policies and Procedures, which can be found on the Court's website as an Appendix to the Local Rules.

B.   Registered users will be notified immediately by the CM/ECF system of the Court's filing of orders, opinions, and notices.  Unrepresented parties who are not registered users may retrieve paper copies of orders and opinions from the office of the Clerk of the Court, 231 W. Lafayette Blvd., 5th Floor, Detroit, Michigan.

C.   Courtesy copies submitted under Rule R5(b) of the Electronic Filing Policies and Procedures may be delivered personally or sent by ordinary mail posted within one (1) business day of the e-filing date.  Paper copies should be directed to chambers and NOT filed in the Clerk's office.

D.   **WARNING!**   UNDER THE E-GOVERNMENT ACT OF 2002, CERTAIN INFORMATION MUST NOT BE INCLUDED IN COURT DOCUMENTS. BEFORE FILING ANY COURT DOCUMENTS, EITHER ELECTRONICALLY OR IN THE TRADITIONAL MANNER, CONSULT THE E-GOVERNMENT NOTICE THAT CAN BE FOUND AT http://www.mied.uscourts.gov/Rules/Plans/07-AO-030.pdf.

E.   Proposed orders and stipulated orders must not be e-filed.  Rather, they should be submitted to chambers through the document utilities feature of the CM/ECF.  *See* Rule R11 of the Electronic Filing Policies Procedures.  Submissions must be in current Word format.  Electronic signatures must conform to Rule R9 of the Electronic Filing Policies and Procedures.

5

F.  No documents may be filed or submitted under seal without prior approval of the Court, except as permitted by Local Rule 5.3(a).  Parties seeking to file sealed items must comply with Local Rule 5.3(b).

VIII.   MOTIONS IN LIMINE must be filed by **January 6, 2026**.  It is the intention of the Court that all responses to motions *in limine* shall have been filed in advance of the final pretrial conference date; therefore counsel must strictly adhere to the deadlines set forth in LR 7.1(d)(2).  Counsel should be prepared to address motions *in limine* at the final pretrial conference.

IX.   FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER.  The final pretrial conference shall take place on **February 12, 2026 at 2:00 p.m.**  The Proposed Joint Final Pretrial Order must be submitted to chambers (and not e-filed) before the close of business on **February 5, 2026**.  Following is the procedure counsel are to use to prepare for the final pretrial conference and the Proposed Joint Final Pretrial Order:

A.  Counsel for all parties are directed to confer *in person (face to face) at their earliest convenience* in order to (1) reach stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at the trial.

It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsels' meeting must be held sufficiently in advance of the date of the scheduled final pretrial conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues on which the party will offer evidence.  The parties should eliminate any issues that might appear in the pleadings about which there is no real controversy.  *Counsel for plaintiff then will prepare a draft joint final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit the original and one copy of the final draft of the proposed joint final pretrial order to the Judge's chambers (or in open court, if so directed) on the date fixed for submission.*  If there are any pending motions requiring determination in advance of trial, they should be called to the Court's attention no later than the date of submission of the Proposed Final Pretrial Order.

Counsel for plaintiff has primary responsibility for preparation of the Proposed Final Pretrial Order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing.  Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order and must therefore be extended.

The proposed joint final pretrial order should have a space for the Court's signature.  When signed, the proposed Order will become an Order of the Court.  *AN ORIGINAL*

*AND ONE COPY IS TO BE EMAILED OR HAND-DELIVERED TO CHAMBERS, NOT THE CLERK'S OFFICE AND NOT E-FILED.*

***THE PROPOSED JOINT FINAL PRETRIAL ORDER SHALL STRICTLY COMPLY WITH THE PROVISIONS AND REQUIREMENTS OF LOCAL RULE 16.2 INCLUDING SUBPARTS (d) AND (f), EXCEPT AS THIS COURT HAS OTHERWISE ORDERED HEREIN.***

Under LR 16.2(b)(9), objections to listed exhibits must be stated in the joint final pretrial order.

Local Rule 16.2 further states that the Court, "in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part." LR 16.2(e). This Court requires that the parties to any civil case proceeding to a jury trial include in their draft final pretrial order (1) an indication, for each listed witness, of (a) whether the witness is lay or expert, (b) whether he or she will testify in person or by deposition, and (c) the estimated length of time for the witness's anticipated testimony on direct examination.

B. The following person and entities must *personally* attend the final pretrial conference:

   1) **Trial counsel** for each party;
   2) **All parties** who are natural persons;
   3) **A representative** on behalf of any other party;
   4) **A representative of any insurance carrier** that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement. "Full authority" is authority that exceeds the level of the last demand by the plaintiff.

"Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

Any party who disregards these requirements may be sanctioned under Federal Rule of Civil Procedure 16(f). Possible sanctions include fines, cost, fees, foreclosure of witnesses, or loss of claims or defenses.

Requests for adjournment of the final pretrial conference should be made in accordance with section XIV of this Order.

X. Trial shall commence on **February 24, 2026** at **8:30 a.m.**

XI. At least ***ONE WEEK*** before the trial date, all counsel must furnish to the Court the following in proper form:

A. In jury cases, any requests for *VOIR DIRE* and proposed *JOINT JURY INSTRUCTIONS*. In jury cases, the parties are hereby **ORDERED** to meet and confer prior to trial to discuss jury instructions. No later than one week before the first day of trial, the parties are to submit to Chambers a single set of proposed, stipulated jury instructions. The Court will provide proposed opening and closing instructions: counsel are responsible for all instructions related to their specific claims or defenses. All such instructions are to be submitted in typewritten form (double spaced) and on computer medium compatible with MS Word; each instruction shall contain references to authority (e.g., "O'Malley, Grenig, Lee, Section 11.08"); and each instruction shall be contained on a separate page. In addition, each party shall separately submit any additional proposed instructions (in the same form) to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

B. A statement of claims or defenses, no longer than one paragraph, suitable to be read to the jury during opening instructions.

C. In jury cases, trial briefs are optional, but if furnished they must be submitted at least one week before trial.

D. In non-jury cases, proposed finding of fact and conclusions of law and (mandatory) trial briefs.

E. In all cases, a list of witnesses to be called at trial and an exhibit list **using the attached exhibit form**. The list should designate the witnesses that <u>will</u> be called and those that <u>may</u> be called; indicate the estimated time for direct examination; state whether the witness will testify in person or by deposition; and identify the witness to be offered as expert witnesses.

**Note: This order supersedes the deadlines set forth in Local Rule 16.2.**

XII. Exhibits During Trial.

A. Counsel must mark all proposed exhibits in advance of trial; the preferred method is to use the traditional "Plaintiff's Exhibit __" (yellow) and "Defendant's Exhibit __" (blue) stickers, but any clearly marked method is acceptable. A consecutive numbering system should be used by each party. Numbers used by one party shall not be used by other parties.

B. **COUNSEL MUST KEEP TRACK AND MAINTAIN CUSTODY OF ALL ADMITTED EXHIBITS DURING TRIAL.**

C. The courtroom is equipped with electronic equipment to display trial exhibits by digital means. Parties are encouraged to publish exhibits electronically. Counsel

8

must make a joint appointment through the Case Manager to familiarize themselves with the use of that equipment well before trial.

D. If a party does not intend to display evidence by electronic means, exhibits must be tabbed and put in binders.  If the exhibits are voluminous, exhibits used for each witness should be bound separately.  In either case, binders should be provided to the Court and each juror.

E. After both sides rest their case, counsel must confer and purge from one set of binders all exhibits not admitted during the course of trial.  Admitted exhibits should be ready to be turned over to the jury foreperson before closing jury instructions so that jury deliberations are not delayed.

F. It is the responsibility of the parties to see that the record is complete; at the conclusion of trial, all trial exhibits, briefs, proposed jury instructions, etc. are to be filed in accordance with Rule R18 of the Electronic Filing Policies and Procedures.

G. The Court requires full disclosure to opposing counsel well before trial of computer generated visual or animated evidence and full disclosure of underlying data.

XIII. **Requests for extension of a scheduling order date are not routinely granted.**  All requests must be made in writing to the Court setting forth good cause, see Fed. R. Civ. P. 16(b)(4), in a (1) stipulation by the parties with a proposed order or (2) motion to extend the date which states that concurrence was sought and refused.  The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

XIV. INTERIM STATUS CONFERENCE: Lead counsel for the parties must appear for a status conference on **March 18, 2025 at 4:00 p.m.** to discuss Alternative Dispute Resolution and all other case management issues that may arise.

XV. The Court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (313) 234-5005.

XVI. Counsel may contact the Court's Case Manager with questions regarding the Court's practices, this order, or other matters of practice and procedure.  However, **before calling chambers,** please consult the Court's web page at:
https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=20.

XVII. Plaintiff may amend her complaint without further leave of Court on or before **December 30, 2024.**

s/David M. Lawson
DAVID M. LAWSON
Dated:  December 4, 2024                         United States District Judge

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |