UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELG, a minor by Parent and Next Friend LATOREYA TILL,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE KENNETH KING, individually; UNIVERAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC; KEITH TAYLOR, individually; and CATHY R. GREER-FORTE, individually,<br><br>    Defendants. | Case No. 2:24-cv-12195<br>Hon. David M. Lawson<br>Magistrate Judge Kimberly G. Altman<br><br>**PLAINTIFF'S MOTION TO SUBSTITUTE "PLAINTIFF ELG, A MINOR BY PARENT AND NEXT FRIEND LATOREYA TILL" WITH LATOREYA TILL AS CONSERVATOR FOR THE ESTATE OF "ELG"** |

| | |
|---|---|
| **FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.**<br>JAMES J. HARRINGTON (P65351)<br>GARY N. FELTY, JR. (P55554)<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075<br>(248) 355-5555/F: (248) 355-3148<br>j.harrington@fiegerlaw.com<br>g.felty@fiegerlaw.com | **THE PERKINS LAW GROUP**<br>TODD RUSSELL PERKINS (P55623)<br>Attorney for Defendant King<br>615 Griswold, Suite 400<br>Detroit, Michigan 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net |

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
VALERIE HENNING MOCK (P55572)
Attorneys for Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services and Cathy R. Greer-Forte
17197 N Laurel Park Drive, Suite 201
Livonia, Michigan 48152
(313) 327-3100 / (313 327-3101 (F)
valerie.mock@wilsonelser.com
matthew.high@wilsonelser.com

___

### PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF ELG, A MINOR BY PARENT AND NEXT FRIEND LATOREYA TILL WITH LATOREYA TILL AS CONSERVATOR FOR THE ESTATE OF "ELG"

Plaintiff ELG, a minor by Parent and Next Friend LATOREYA TILL, through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., moves the Court to enter an Order to substitute the current plaintiff, "ELG, a minor by parent and Next Friend Latoreya Till with her successor, Latoreya Till, as Conservator for the Estate of "ELG" and states as follows:

1. Plaintiff obtained concurrence in the relief sought in this motion from counsel for Defendant King, the Universal defendants, and Defendant CATHY R. GREER-FORTE. Plaintiff is unable to seek and obtain concurrence from Defendant Keith Taylor because the

2

defendant has not appeared in this matter and plaintiff's counsel has no way of reaching him.

    2.    Latoreya Till has been appointed conservator of the Estate of ELG since the filing of this lawsuit (**Exhibit 1**) and requests that the successor in interest, "Latoreya Till, as Conservator for the Estate of ELG," be substituted as the plaintiff pursuant to Fed. R. Civ. P. 25(c).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Grant this Motion and enter an order substituting the current plaintiff with Latoreya Till, as Conservator for the Estate of ELG.

Respectfully submitted,

*/s/ Gary N. Felty, Jr.*
GARY N. FELTY, JR. (P55554)
JAMES J. HARRINGTON (P65351
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
g.felty@fiegerlaw.com

Dated: June 23, 2025

3

# BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE PLAINTIFF "ELG, A MINOR BY PARENT AND NEXT FRIEND LATOREYA TILL" WITH LATOREYA TILL AS CONSERVATOR FOR THE ESTATE OF "ELG"

## ISSUE PRESENTED

1. WHETHER THE PLAINTIFF SHALL BE SUBSTITUED WITH THE SUCCESSOR IN INTEREST, LATOREYA TILL AS CONSERVATOR FOR THE ESTATE OF "ELG?"

## **MOST CONTROLLING AUTHORITY**

Fed. R. Civ. P. 25(c)

## **STATEMENT OF FACTS**

Plaintiff, Latoreya Till, filed her Complaint as Parent and Next Friend of ELG on August 21, 2024. (PageID.1-54). This Honorable Court entered an Order Granting Motion to Appoint Next Friend on October 9, 2024. (PageID.107). Plaintiff thereafter petitioned the Macomb County Probate Court to be appointed as the conservator of the Estate of ELG. The probate court issued letters appointing plaintiff to be the conservator of minor, ELG on April 23, 2025. (**Exhibit 1**).

## **ARGUMENT**

The Federal Rules allow a conservator to file a lawsuit on behalf of a minor. Fed. R. Civ. P. 17(c)(1)(C). The rules also allow a next friend to file a lawsuit on behalf of a minor who does not have a representative. Fed. R. Civ. P. 17(c)(2). Pursuant to Fed. R. Civ. P. 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

The minor, ELG, did not have a representative at the time this lawsuit was initiated. Plaintiff Latoreya Till has now been appointed

1

as ELG's conservator. Therefore, Plaintiff respectfully requests that she be substituted as plaintiff, in her representative capacity as conservator of the Estate of ELG.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Grant this Motion and enter an order substituting the current plaintiff with Latoreya Till, as Conservator for the Estate of ELG.

Respectfully submitted,

*/s/ Gary N. Felty, Jr.*
GARY N. FELTY, JR. (P55554)
JAMES J. HARRINGTON (P65351
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
g.felty@fiegerlaw.com

Dated: 6/23/2025

2

## **INDEX OF EXHIBITS**

Exhibit 1          Letters of Conservatorship

# Exhibit 1

| STATE OF MICHIGAN PROBATE COURT COUNTY OF MACOMB | LETTERS OF CONSERVATORSHIP - MINOR | FILE NO. 2025-251556-CY |
|---|---|---|

Estate of  B___ L___ G___

To:

| Name and Address | Conservator's telephone no. |
|---|---|
| LATOREYA TILL 16935 EDLOYTON WAY, APT 346 CLINTON TOWNSHIP MI 48038 | (313)819-6069 |

You have been appointed conservator of the estate and are granted power to take possession, collect, preserve, manage, and dispose of property of the estate according to law and to perform all acts permitted or required by statute, court rule, and orders of this court unless limited below.
Conservator shall have authority with respect to all assets of the estate.

Restrictions:

A. Ownership of the conservatorship funds must be in the name of the Conservator as fiduciary for the protected Minor.
B. Any check, instrument, or funds for the minor's benefit must be deposited, and can only be submitted for deposit to an FDIC insured banking institution, NCUA insured credit union, or SIPC insured brokerage institution, made payable directly to a restricted account established for and on behalf of the Minor
C. The financial must agree to the condition that the funds may not be released or withdrawn until further order of this Court by completing a form entitled *Proof of Restricted Account and Annual Verification* of Funds on Deposit (Conservatorship of Minor) PC 669
D. Within 28 days of Conservator's qualification, the Conservator must cause a Proof if Restricted Account and Annual Verification of Funds on Deposit (Conservatorship of Minor) PC 669 to be filed with the Court
E. The financial institution must complete PC 669 annually, and whenever requested by the Court, and the Conservator must file that PC 669 with the Court
F. Funds may not be used, withdrawn or released without prior written authority of this Court.
G. Without a prior order of approval from the Court, the Conservator shall not sell, or otherwise dispose of the Minor's principle dwelling, real property, or interest in real property, or mortgage, pledge, or cause a lien to be placed on any such property.
H. Negotiation of any instrument is an assumption of liability consistent with these restrictions on the part of the negotiator or financial institution accepting the deposit.
I. The Conservator cannot enter into personal injury settlement without Court's prior authority and without the Court setting appropriate bond in accordance with MCR2.420.

These letter of conservatorship expires on __04/23/2026__

04/23/2025
Date

HOWARD T LINDEN                      P:25438
Attorney Name (type or print)        Bar No.
29100 NORTHWESTERN HIGHWAY SUITE 370
Address
SOUTHFIELD MI 48034 (248)-358-4545
City, state, zip        Telephone No.

SANDRA A HARRISON        Probate Judge
P57456

SEE NOTICE OF DUTIES ON SECOND PAGE

I certify that I have compared this copy with the original on file and that it is a correct copy of the original, and on this date, these letters are in full force and effect

APR 2 3 2025
Date

Kara N. Churak
Deputy Probate Register

USE NOTE: If this form is being filed in the circuit court family division, please enter the court name and county in the upper left-hand corner of the form
Do not write below this line – For court use only

PC 645y (6/18) LETTER OF CONSERVATORSHIP MINOR

MCL 700.5412, MCL 700.547, MCL 700.5418, MCL700.5423, MCL 700.5427, MCR5.202,MCR 5.203,MCR 5.205, MCR.409



# NOTICE TO CONSERVATOR OF CERTAIN DUTIES

**AS REQUIRED BY LAW AND MICHIGAN COURT RULES, YOU ARE NOTIFIED:**

You are required to file with this court the following written reports using the indicated form(s) at the indicated times. Forms are available at the court.

**INVENTORY:** As the conservator, you are required by law to prepare an inventory of the assets of the estate that you have been given authority over within 56 days from the date of your appointment. You must also provide a copy of the inventory to the protected individual if the individual can be located and if the minor is 14 years of age or older and to interested persons as specified in the Michigan Court Rules. You must also provide the name and address of each financial institution listed on your inventory at the time the inventory is presented to the court. The address for a financial institution shall be either that of the institution's main headquarters or the branch used most frequently by the conservator. (May use form PC 674, " Inventory, Conservatorship.")

**ACCOUNTS:** As the conservator, you must file an annual account unless otherwise ordered by the court. An accounting must be filed within 56 days after the end of the accounting period. The accounting period ends on the anniversary date of the issuance of the letters of authority, unless the conservator selects another accounting period or unless the court orders otherwise. If you select another accounting period, notice of that selection shall be filed with the court. The accounting period may be a calendar year or a fiscal year ending on the last day of a month. You may use the same accounting period as that used for income tax reporting, and the first accounting period may be less than a year but not longer than a year. On filing, the account may be set for hearing or the hearing may be deferred to a later time. Unless otherwise ordered by the court, no accounting is required in a minor conservatorship where the assets are restricted or in a conservatorship where no assets have been received by the conservator. (Use form PC 583, PC 584, or PC 648, "Account.")

In addition, you must provide a copy of the account to the protected individual if the individual can be located and is 14 years of age or older, and to interested persons as specified in the Michigan Court Rules.

**CHANGE OF ADDRESS:** You are required to keep the court and interested persons informed in writing within 7 days of any change in your address.

**DEATH OF PROTECTED INDIVIDUAL:** If the protected individual dies during the conservatorship, you must give written notification to the court within 14 days of the individual's date of death. If accounts are required to be filed with the court, a final account must be filed within 56 days of the date of death.

The inventory and all accounts must be served on the required persons at the same time they are filed with the court. After serving the required persons, you must promptly file a proof of service with the court.

**ATTENTION:** The above provisions are reporting duties only and are not the only duties required of you. See MCL 700.5416 through 700.5433 for other duties of the conservator. Your failure to comply with the above reporting duties may require the court to appoint a special fiduciary in your place and to suspend your powers. This may result in your removal as fiduciary. The court is prohibited by statute from giving you legal advice.

**KEEP THIS NOTICE FOR FUTURE REFERENCE**