## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Latoreya Till, as conservator for the Estate of ELG,<br><br>**Plaintiff,**<br><br>vs.<br><br>JUDGE KENNETH KING, individually; UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC; KEITH TAYLOR, individually; and CATHY R. GREER-FORTE individually,<br><br>**Defendants**. | Civil No.  24-cv-12195<br><br>MOTION TO STAY PROCEEDINGS<br><br>Honorable David M. Lawson |

### DEFENDANT KENNETH KING'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendant Kenneth King moves to stay all proceedings in this case pending the Sixth Circuit's resolution of Defendant's appeal of the Court's order denying judicial immunity. In support of their motion, Defendant relies on the attached brief.

Pursuant to Local Rule 7.1, Defendant's counsel contacted Plaintiff to explain the basis for this motion and request Plaintiff's concurrence.  Plaintiff's counsel concurred in the relief sought.

Dated: July 9, 2025        Respectfully submitted,

/s/ Todd Russell Perkins
THE PERKINS LAW GROUP, PLLC
Todd Russell Perkins (P55623)
615 Griswold, Ste 400
Detroit, MI 48226
(313) 964-1702
tperkins@perkinslawgroup.net
*Attorney for Defendant King*

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Latoreya Till, as conservator for the Estate of ELG, <br><br> **Plaintiff,** <br><br> vs. <br><br> JUDGE KENNETH KING, individually; UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL SECURITY SERVICES and/or ALLIED UNIVERSAL SECURITY SERVICES, LLC; KEITH TAYLOR, individually; and CATHY R. GREER-FORTE individually, <br><br> **Defendants**. | Civil No.  24-cv-12195 <br><br> MOTION TO STAY PROCEEDINGS <br><br> Honorable David M. Lawson |

**DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**STATEMENT OF ISSUE PRESENTED**

I.   Whether the Court should stay all proceedings in this case pending Defendants' appeal of the denial of judicial immunity?

Defendant King answers:       Yes
Plaintiff answers:            Yes
The Court should answer:      Yes

## MOST APPROPRIATE AUTHORITY

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Dickerson v. McClellan*, 37 F.3d 251 (6th Cir. 1994)

## INTRODUCTION

It was alleged in Plaintiff's Complaint that the Hon. Kenneth King, during the course of his employment as a sitting Judge for the 36th District for the County of Wayne, State of Michigan, violated Plaintiff's civil rights under 42 U.S.C. § 1983.

Plaintiff filed his Motion in Lieu of Answer on October 21, 2024 [ECF No. 17], stating in sum, that Plaintiff did not allege any facts that rise to a claim pursuant to 42 U.S.C. § 1983, and failed to address the myriad of case law that state that "Federal common law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024).

On May 22, 2025, this Court issued its Opinion and Order [ECF No. 51] denying Defendant King's Motion to Dismiss.  Defendant King timely filed a notice of appeal of the Court's order denying judicial immunity. ECF No. 52.

## ARGUMENT

### A. Defendant is entitled to a stay of all proceedings because his appeal is neither frivolous nor dilatory.

"The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, when a defendant appeals a denial of qualified immunity, "the filing of a notice of appeal from the denial of immunity

1

divests the district court of jurisdiction of the case." *Smith v. County of Lenawee*, 2009 U.S. Dist. LEXIS 102406, 2009 WL 3672107, *2 (E.D. Mich. Nov. 3, 2009), citing *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

A court should stay a case pending an appeal of an immunity denial unless the court determines that "the appeal is (i) frivolous or (ii) being sought solely for purposes of delay." *Sexton v. Cernuto*, No. 19-12574, 2021 U.S. Dist. LEXIS 46275, at *5 (E.D. Mich. Mar. 12, 2021) (staying all proceedings pending appeal) citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). *See also Gentry v. Wayne Cty.*, No. 10-cv-11714, 2011 U.S. Dist. LEXIS 163178, at *5 (E.D. Mich. Oct. 17, 2011) (a court shall only decline to grant a stay pending a qualified immunity appeal "under extreme circumstances" because "it may result in a violation of the prerogatives of government officials that cannot be undone."). Defendant's appeal is neither frivolous nor taken with dilatory intent.

First, an appeal is "frivolous" only if it is "solely a fact-based challenge to the plaintiffs' evidence and the district court's findings." *Id.* citing *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016). An appeal "turns on an issue of law," and is therefore not frivolous, if the issue on appeal "has some 'legal aspect to it,' which is to say that the challenge cannot be 'aimed solely at the district court's determination of the record-supported evidence.'" *Id.* quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560-561 (6th Cir. 2018).

2

Here, there is no argument that Defendant appealed the judicial immunity denial to delay proceedings. Defendant promptly appealed the Court's opinion and order. *See Johnson v. Russell*, No. 1:22-cv-12638, 2024 U.S. Dist. LEXIS 182907, at *10 (E.D. Mich. Oct. 7, 2024) (finding no suggestion of any attempt to delay proceedings where defendant "appealed promptly" after the court's opinion and order, months before the trial date); *Sexton*, 2021 U.S. Dist. LEXIS 46275, at *8 (same). Because Defendant's appeal is neither frivolous nor sought solely to delay, the Court should enter an order staying the proceedings pending appeal.

**B. A complete stay would comply with the policy of qualified immunity.**

The reason an immunity denial is immediately appealable is because the "entitlement is *an immunity from suit*" that would be "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). The doctrine "is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (emphasis added). Thus, "[u]ntil the threshold immunity question is resolved, discovery should not be allowed." *Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995). For this reason, "courts routinely stay proceedings for the pendency of appeal to preserve immunity." *Willis v. Cty. of Saginaw*, No.

3

1:21-cv-10217, 2021 U.S. Dist. LEXIS 99504, at \*12 (E.D. Mich. May 26, 2021)

(collecting cases).

## CONCLUSION

For the foregoing reasons, Defendant King request the Court enter an order

staying all proceedings pending resolution of Defendant's appeal to the Sixth

Circuit.

Dated: July 9, 2025                    Respectfully submitted,

                                            /s/ Todd Russell Perkins
                                            THE PERKINS LAW GROUP, PLLC
                                            Todd Russell Perkins (P55623)
                                            615 Griswold, Ste 400
                                            Detroit, MI 48226
                                            (313) 964-1702
                                            tperkins@perkinslawgroup.net
                                            *Attorney for Defendant King*