# EXHIBIT

# 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.L.G., *a minor by Parent and Next Friend Latoreya Till*, and LATOREYA TILL,

    Plaintiffs,

v.

KENNETH KING, *et al*,

    Defendants.
_____/

Case No. 2:24-cv-12195
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ALTERNATE SERVICE (ECF No. 39)

### I. Introduction

This is a civil rights case. Plaintiffs claim that Judge Kenneth King, Universal Protection Services, Court Officer Keith Taylor, and Private Court Officer Cathy R. Greer-Forte violated various constitutional and state-law rights when E.L.G., a minor, was allegedly berated, handcuffed, jailed, and put on mock trial by defendants after falling asleep during a guest lecture by Judge King in the 36th District Court of the State of Michigan. (ECF No. 30, Amended Complaint).

Plaintiffs have been unable to obtain an address to serve defendant Taylor, and so now move to extend the summons, compel defendants to disclose or make efforts to obtain an address for Taylor, and for alternate service of process. (ECF

1

No. 39). On April 3, 2025, the motion was referred to the undersigned, who ordered that responses to the motion be filed by April 17, 2025. (ECF Nos. 42, 43). Defendants Greer-Forte and Universal Protection Services have responded (ECF No. 44); Judge King has not.

For the reasons that follow, Plaintiffs' motion will be GRANTED IN PART. Summons as to Taylor will be extended by sixty days from entry of this order; alternate service will be granted; and Judge King will be required to disclose Taylor's last known address within seven days of the entry of this order. If Judge King does not have an address for Taylor, he will undertake reasonable efforts to obtain one, certify that he has done so within seven days of entry of this order, and provide Taylor's last known address as soon as he receives it.

## II. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual within a judicial district of the United States can be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is

2

located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Michigan, the state where the district court is located, a resident or nonresident individual may be served by personal service or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). Service by registered or certified mail is only complete once "the defendant acknowledges receipt of the mail," and "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2). If, however, a party shows that "service of process cannot reasonably be made as provided by this rule," the Court may exercise its discretion with an order to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). For example, courts may allow service by publication, by posting a copy of the summons and complaint on the door of the defendant's address, or by email. *See, e.g., Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (collecting cases).

Michigan Court Rule 2.106 also requires the plaintiff to send the defendant a copy of the order permitting alternative service via registered mail, return receipt requested. Mich. Ct. R. 2.106(D) (2) & (E)(2). The court must determine when it rules on the plaintiff's motion whether mailing is required. Additionally, Michigan

3

Court Rule 2.106 lists specific information that must be included in the order directing alternative service. Mich. Ct. R. 2.106(C).

### III. Discussion

Plaintiffs have demonstrated that service on Taylor cannot be made by the prescribed means under Federal or Michigan rules. As Plaintiffs explain in their motion and supporting documents, they have attempted to obtain a last known address for Taylor from counsel for Judge King on numerous occasions, were informed that Judge King's counsel was working on it, but have been unable to obtain an address through those means or through a public records search, social media searches, or through a hired investigator. (ECF No. 39, PageID.513-517).

In response to the motion, Universal Protection Services and Greer-Forte say they only oppose Plaintiffs' request that they provide Taylor's address or undertake efforts to obtain it because Taylor does not work for Universal Protection Services (while Greer-Forte does). (ECF No. 44). They do not oppose the requested extension of summons or alternate service for Taylor. (*Id.*). Judge King has not responded to Plaintiffs' motion, rendering it unopposed as to him.

The Court finds that Universal Protection Services and Greer-Forte's opposition is valid, but that otherwise, Plaintiffs' motion is supported and should be granted. Therefore,

- The summons as to Taylor is extended by sixty days from the date of entry of this order;

- Judge King is ordered to supplement his initial disclosures with Taylor's last known address within seven days of the entry of this order;

- If Judge King does not have a last known address for Taylor, he is required to undertake reasonable efforts to obtain Taylor's address and certify that he has done so within seven days of the entry of this order; and

- Plaintiffs may utilize alternate service to serve Taylor by service via First Class Mail to the attention of the 36th District Court Service Director and the Chief Judge of the 36th District Court.

## IV. Conclusion

For the reasons above, Plaintiffs' motion to extend summons, allow alternative service of process, and compel supplemental disclosures (ECF No. 39) is GRANTED IN PART. Summons as to Taylor is extended by sixty days from entry of this order; alternate service as outlined above is granted; and Judge King is required to disclose Taylor's last known address, or if he does not have an address for Taylor, to undertake reasonable efforts to obtain one. Proof of service must be filed promptly with the court.

SO ORDERED.

Dated: April 29, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager
